# Harris *v.* The State.

## *Murder.*

(Decided Dec. 19, 1907.   45 South. 216.)

1. *Motion in Arrest of Judgment.*—Motion in arrest of judgment in a criminal case can be granted only for matters apparent of record.

2. *Criminal Law; Rendition of Verdict; Absence of Accused.*—Accused is entitled to be present when a verdict is rendered against him that he may have an opportunity to poll the jury under section 5308, Code 1896, and he is entitled to his discharge in a prosecution for felony where the verdict was rendered in the absence of accused and his attorney, though the court called the jury back after its dispersal and read the verdict to them and asked them if this was their verdict.

[Harris v. The State.]

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Ben Harris was convicted of murder in the second degree, and appeals. Reversed and rendered, discharging accused from further prosecution.

FRANK W. LULL, for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.

SIMPSON, J.—The appellant was tried and convicted on an indictment for murder in the second degree. The bill of exceptions shows that, while the defendant and his attorney were both out of the courtroom in another room, the defendant being in the custody of the deputy sheriff, the jury entered the court room with their verdict, which was read and the jury discharged; that the first the defendant knew of the verdict having been rendered was when the sheriff came into the room, proceeded to put handcuffs on him, and told him that the jury had come in long ago and given him 10 years. The defendant and his attorney then went into the courtroom, where another case was in process of trial. The jury had dispersed, some being within the bar railing talking with various persons, some outside the railing, and one either in the front door of the courthouse or on the platform in front. The judge then directed the jury to come forward and stand up, and they came from different parts of the room. He then read the verdict to them, and asked if that was their verdict, to which the jury, or "some one of them," replied: "It is." On this testimony the defendant moved for his discharge.

There is no controversy about the fact that the defendant is entitled to be present when the verdict is ren-

dered against him; but the state contends that in this case the facts show that the defendant was entitled only to a new trial, and that the action of the court on motion for a new trial in a criminal case is not revisible. This matter came up for the consideration of this court first in the case of *State v. Hughes,* 2 Ala. 102, 36 Am. Dec. 411, in which case it is stated (2 Ala. 103), that "the prisoner was not in court when the verdict was delivered, but his counsel were, and no request was made that the prisoner should be." There was a motion in arrest of judgment on the ground, first, of the absence of the prisoner when the verdict was rendered, and, second, it was claimed that under the plea of autrefois acquit the defendant was entitled to his discharge, because of the reversal by the Supreme Court of the case on a former trial. The court (2 Ala. 105) holds "that by receiving the verdict of the jury in the absence of the prisoner he has been deprived of a legal right," and, after deciding adversely to the plea of autrefois acquit, states that, as the case must be reversed, "we are now to inquire what further order shall be made," and proceeds to hold that, inasmuch as the prisoner would not have been entitled to his discharge if he had been present and refused the right to poll the jury, he could not claim the right to be discharged by reason of his being deprived of that privilege by the verdict being rendered in his absence. It will be noted that there was no motion for the discharge of the prisoner in that case, but only a motion in arrest of judgment, which is grantable only on matters apparent on the record (2 Ency. Pl. & Pr. p. 794), so that the matter of the rendition of the judgment in the absence of the prisoner was really not in the case.

However that may be, subsequent to that decision the statute was passed which gives the defendant the right to poll the jury. Code 1896, § 5308. It is true that later,

in a case wherein the fact of the prisoner's absence was discovered before the jury had dispersed, while they were still "as a body" in the bar and had had no opportunity to communicate with any one else, and they were stopped, and the verdict was handed to them, this court held that the jury "were not discharged," and consequently they were still under the power of the court, and the defendant was not prejudiced, or deprived of the right to poll the jury.—*Brister et al. v. State*, 26 Ala. 108, 132. In *Waller's Case* counsel for the defendant agreed that the verdict might be handed to the clerk, and it was so handed. The jury was not discharged, but assembled the next morning, when court met, and, the verdict being found to be defective, it was amended. The court held that the counsel could not so agree for the defendant; but the question as to whether or not the defendant was to be discharged was rested on the character of the verdict, and not upon the point of its being rendered in the absence of the defendant.—40 Ala. 326, 333. In a later case, similar to the one now under consideration, although the counsel for defendant was present and offered no objection to the rendering of the verdict in the absence of the defendant, and although the two jurors who had left the courtroom were recalled within five minutes, and, being examined on oath, stated that they had had no conversation with any one, and it was held that counsel had no authority to waive the prisoner's right to be present when the verdict was rendered, that the ruling in the *Brister Case* should not be extended any further, that "it would be a dangerous precedent to hold that after this [that is, the dispersion of the jury] the persons who composed the jury could be reassembled as such to render a verdict in a case of which they had been thus discharged." Consequently the case was reversed and the prisoner discharged from further

prosecution.—*Cook v. State,* 60 Ala. 39, 41, 42, 31 Am. Rep. 31. Again, where the verdict was handed to the clerk in a sealed envelope during the recess of the court, this court held that the discharge of the jury operated the acquittal of the defendant, and judgment was entered accordingly.—*Hayes v. State,* 107 Ala. 1, 18 South. 172. The Supreme Court of Mississippi holds that the error of receiving a verdict in the absence of the prisoner is not cured by the reassembling of the jury and having them assent to the verdict; that the discharge entitles the prisoner to an acquittal, because of former jeopardy. Hence the case was not remanded, but the prisoner discharged.—*Finch v. State,* 53 Miss. 363. See, also, 12 Cyc. 270, 271. *Brown's Case,* 63 Ala. 97, 104, merely decides that this right may be waived in a misdemeanor case.

The judgment of the court is reversed, and a judgment will be here rendered discharging the appellant from further prosecution.

Reversed and rendered.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.