13 So.2d 590

## LEE v. STATE.

### 6 Div. 127.

Supreme Court of Alabama.

April 22, 1943.

Rehearing Denied June 3, 1943.

Wm. N. McQueen, Acting Atty. Gen.; and John J. Haynes, Asst. Atty. Gen., for the petition.

Horace C. Wilkinson, of Birmingham, opposed.

FOSTER, Justice.

This is an appeal from a judgment of conviction in a capital case, but in which the punishment was fixed at fourteen years in the penitentiary.

The question which the Attorney General seeks to have reviewed is the holding that the judgment should be reversed on the ground that as amended it shows that the defendant was·not personally present in court when the jury handed their sealed verdict to a regular bailiff of the court, though he was present as were his counsel when the court received and read it. There is an agreement as to the facts material here to mention, as follows:

"The case was regularly submitted to the jury under oral and written instructions by the court, in the presence of the defendant in open court. Before the jury retired, and in open court, the defendant requested that the jury be allowed to return a sealed verdict in the case and, for his convenience and in order to enable him to return to his home, and spend the night at his home, it was, at his request, agreed in open court that he might return home and a sealed verdict returned. It was also agreed by the defendant that if a sealed verdict was returned and the verdict was not in proper form it might be put in proper form by the court.

"The jury deliberated until about 9:30 at night, when they reached a verdict, which was the verdict of each juror in the case. The verdict was written out, signed by the foreman, enclosed in an envelope, sealed and delivered to Mr. E. P. Tucker, one of the regular bailiffs of the court. Mr. Tucker retained the possession of the verdict until the next morning when court opened, at which time the defendant was present and the verdict was read in his presence in open court after it was opened in his presence by the court. Counsel representing the defendant was

present at the time the judge opened the verdict and at the time it was read. The jury was not present at the time the verdict was opened and read. No objection was taken at that time.

"When the jury delivered the verdict to Mr. Tucker at 9:30 the night before, they were discharged, with the defendant's consent previously given, and returned to their homes."

The Court of Appeals held that those facts recited in the judgment require a reversal of the judgment, but that on account of the consent of defendant, do not amount to jeopardy which will prevent another trial.

The Court of Appeals declared a rule to be applicable to this, a capital case, and to all other felonies, but not to misdemeanors. That in all felony cases the defendant cannot in person and by express consent waive his personal presence in court when the verdict is returned by the jury to a bailiff of the court, though he and his counsel are present when it is received by the judge and read, and at all other times throughout the trial.

■ There is of course no controversy but that, unless his presence is waived, a verdict received in the absence of a defendant is void, and is the equivalent of an acquittal; and his presence must affirmatively appear, but the record need not recite that at each step of the trial he was present if it recites his presence at arraignment and when sentence was pronounced. Frost v. State, 225 Ala. 232, 142 So. 427.

We have no case in this State cited in the opinion or briefs, nor found by us, which holds that a defendant cannot personally waive his presence when the verdict is returned by the jury. We have a case which holds that a defendant's counsel cannot so consent in a capital felony case, which was a charge of rape. Waller v. State, 40 Ala. 325, cited in Cook v. State, 60 Ala. 39, 31 Am.Rep. 31, and in Wells v. State, 147 Ala. 140, 41 So. 630, in which there was no consent by defendant or his counsel. That was a misdemeanor case, and what is there stated must be so considered. However, there are expressions in it leading to the idea that all felony cases should have the same treatment in that respect.

■ The right to be present is said to be guaranteed by the Constitution, section 6, to be heard by himself and counsel, that he may discuss questions of law and fact which may arise, and that he may examine the jury by the poll to ascertain if they assent. State v. Hughes, 2 Ala. 102, 36 Am.Dec. 411.

■ It is generally held, in agreement with our cases, that counsel for defendant cannot waive his right to be present when the jury returns a verdict unless done in his presence or by his consent or acquiescence. 14 Am.Jur. 911, section 204; 23 Corpus Juris Secundum, Criminal Law, § 975, p. 311, note 52; Sherrod v. State, 93 Miss. 774, 47 So. 554, 20 L.R.A., N.S., 509.

The defendant, it is conceded, may by his consent prevent the irregularity from being equivalent to an acquittal, which would be so without such consent.

■ The constitutional safeguard of section 6, supra, it is also conceded, may be waived in a misdemeanor case, though section 6 is not limited in its scope.

■ The direct and positive assertions of this Court in respect to the necessity of defendant's presence to sustain a verdict are but the statement of a universal principle existing in the common law. The right to waive his presence is not involved in any such statement.

The question of such right to waive goes deeper in our judicial history than the constitutional provision and deeper than the effect upon the defendant himself of receiving a verdict in his absence, for it is a rule of public policy inherited from the common law.

■ The following is quoted by the Court of Appeals from 23 Corpus Juris Secundum, Criminal Law, § 975, pp. 309, 310: "The right to be present during the trial of an indictment for felony cannot be waived by accused in a capital case." That authority proceeds also to observe: "In felony cases not capital, it is the rule in most jurisdictions, generally on the theory that the rule requiring accused to be present at the trial is essentially for his benefit * * * that accused may waive his right to be present."

Some of the strong statements to the effect that a defendant in any felony case cannot consent for any step in the proceeding to be conducted without his personal presence are in opinions based on a statute which is mandatory that in felony

cases, as in Virginia, "the defendant must be personally present at the trial." (Code Va. 1919, § 4894; Noell v. Virginia, 135 Va. 600, 115 S.E. 679, 682, 30 A.L.R. 1345), and a Utah statute in the same language. Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262.

The argument, however, extends beyond those statutes and cites the broad public interest in life or liberty of a person and his welfare which the state entertains. But this view is not generally shared in cases not capital. For it is said in Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 254, 56 L.Ed. 500, Ann.Cas. 1913C, 1138: "But, where the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present." But the rule in this State is that on his return to court the trial may proceed as though he had not left. McNutt v. State, 25 Ala.App. 129, 142 So. 773, certiorari denied 225 Ala. 282, 142 So. 774; 23 Corpus Juris Secundum, Criminal Law, p. 311, § 975, note 50. If he voluntarily absents himself and remains away, the trial cannot proceed in his absence and a mistrial necessarily follows.

And in Sherrod v. State, 93 Miss. 774, 47 So. 554, 20 L.R.A.,N.S., 509, in a felony, not a capital case, it was held that a defendant on bond had a right to waive his own personal presence when the verdict is received, since that is his own personal right, but it cannot be exercised for him by his counsel. Stubbs v. State, 49 Miss. 716; see, 14 Am.Jur. 909, section 203, also Henry v. State, 94 Fla. 783, 114 So. 523, 100 A.L.R. 486; State v. Gorman, 113 Minn. 401, 129 N.W. 589, 32 L.R.A.,N.S., 306; Clemens v. State, 176 Wis. 289, 185 N.W. 209, 21 A.L.R. 1490.

It is said in People v. La Barbera, 274 N.Y. 339, 8 N.E.2d 884, that in case of felonies, not capital, the courts are almost unanimous in holding that a defendant may waive his right to be present at the time of the rendition of the verdict.

It is our view that the inflexible rule which prohibits a defendant from waiving his personal presence in court when the verdict is returned by the jury, because of a jealous policy to protect a defendant against himself and to vouchsafe absolute fairness to him should be limited to capital cases, as the majority of the states have done.

We have nothing in our decisions which would directly militate against such an application of the principle, though there are some loose expressions which tend to that end.

This trial was on a capital felony, and the Court of Appeals was correct we think in holding that defendant in such a trial cannot by his consent make valid the verdict received in his absence.

We therefore deny the writ of certiorari.

All the Justices concur.