35 So.2d 86

### COBB v. STATE.
### 7 Div. 933.

Supreme Court of Alabama.
April 15, 1948.

Rehearing Denied May 13, 1948.

Roberts & Cunningham and Geo. C. Hawkins, all of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

LAWSON, Justice.

The appeal is from a judgment of conviction for the offense of rape, with punishment fixed at imprisonment for life.

The alleged victim was a young white girl, sixteen years of age. The defendant, a white man, was twenty-nine years old at the time the offense is alleged to have been committed.

The evidence as to the commission of the offense by the accused was in sharp conflict. That for the State tended to prove every element of the crime charged, while the evidence for the defendant was to the effect that the prosecutrix consented to the act of sexual intercourse. Under this conflicting evidence a jury question was presented, rendering inapt the general affirmative charge requested by the defendant.

It is strenuously insisted by counsel who appear here for the defendant and who represented him on motion for new trial, but who did not participate in the trial proper, that the verdict is illegal, and that therefore the case must be reversed.

This insistence as to the illegality of the verdict is founded on the claim that the verdict was not returned by the jury, in open court, in the presence of the judge who tried the case.

The record contains the following recital: "After discussion off the record between the Court and Counsel in the case it was agreed that Mr. Harry Teel, an attorney, of Talladega, Alabama, might receive the verdict when brought in by the jury."

Several of the grounds of the motion for new trial relate to the circumstances under which the verdict was returned by the jury. As before indicated, this motion for new trial was filed by counsel who did not represent the defendant until after he was sentenced, but one of the attorneys who did represent him on the main trial joined in the motion for new trial but later withdrew. Hon. E. B. Livingston, another member of the Talladega County bar, also participated in the main trial as counsel for defendant. Mr. Livingston declined to join in the motion for new trial because he did not feel that he could insist on those grounds of the motion relating to the receipt of the verdict by Mr. Teel, in the absence of the trial judge, since he had agreed that such could be done. Motion for new trial was overruled and new trial denied.

On the hearing of the motion for new trial it was shown: That after the jury had retired to the jury room to determine its verdict, counsel for the State and for the defendant agreed that Hon. Harry Teel, a practicing attorney of the Talladega County bar, who had been in no wise connected with the trial of this case, might receive the verdict in the absence of the Judge who had presided over the trial up to that time. This agreement was entered into by counsel at the request of the trial judge, who stated that he had been ill and had not fully recovered, and that since this was the last case set for that week, he would like to return to his home in an adjoining county. It does not appear that the defendant was himself a party to this agreement, nor that he was aware that such an agreement had been made.

After this agreement had been entered into by counsel the judge withdrew from the courtroom. When the jury had completed its deliberations it returned to the courtroom. The trial judge was not present. Mr. Teel inquired of the jury if they had reached a verdict. They answered in the affirmative and the foreman of the jury turned the verdict over to Mr. Teel, who read the verdict to the defendant, who was present, as was one of his attorneys. There was no request to poll the jury nor was an objection then interposed to the return of the verdict in the absence of the judge who presided at the trial. Mr. Teel thanked the jury for their attendance and dismissed them. After receiving their per diem, the members of the jury dispersed and have never reassembled. Mr. Teel handed the verdict to the clerk of the circuit court. Sometime later (the exact time does not appear) the clerk delivered the verdict to the judge who had presided at the trial, who entered it on his docket. He later sentenced the defendant.

 This court has held that in all cases of felony, the verdict of the jury can be pronounced or rendered only in open court, in the presence of the judge and of the defendant. Hayes v. State, 107 Ala. 1, 18 So. 172. We have also held that in a rape case counsel for the defendant cannot waive the presence of the judge when the jury return their verdict. Waller v. State, 40 Ala. 325. In the case last cited it was held reversible error for the court to allow the jury to return their verdict to the clerk of the court in the absence of the trial judge, although counsel for defendant, at the request of the judge, had consented to such procedure.

 Nor do we think that the failure of the defendant to personally object to the procedure followed in this case can affect its outcome. This is a capital felony case and the defendant in such a case cannot even by his express consent make valid a verdict received in the absence of the judge of the court. Lee v. State, 244 Ala. 401, 13 So.2d 590. The case just cited held that in a capital felony trial the defendant could not make valid a verdict received in his absence. We think the same rule applicable in a capital felony when the verdict is received in the absence of the judge.

But the State insists that the verdict in this case was not rendered in the absence of the judge of the court, in that Mr. Teel, by agreement of the parties, due to a disqualification of the duly elected circuit judge who had theretofore presided, be-

came a special judge under the provisions of § 124, Title 13, Code 1940.

We judicially know that Mr. Teel is not a judge of any circuit court of this State. Even if it be assumed that the indisposition of Judge Field amounted to such a "disqualification" as would have authorized the attorneys for the State and the defendant to agree on a special judge to sit as a court, as is provided for in § 124, Title 13, supra, the record in this case affirmatively shows that no such agreement was entered into in this case.

The agreement was that in the absence of the trial judge, Mr. Teel was to receive the verdict of the jury. We think, however, that it is clear that all parties contemplated that the jury be dismissed after they had returned their verdict. It was not understood that he was "to act as a special judge to sit as a court, and to hear, decide and render judgment in the same manner and to the same effect as such disqualified judge could have rendered but for such disqualification." § 124, Title 13, supra. That he was not considered a "special judge" as provided for in the Code section above alluded to is evidenced by the fact that he did not record the verdict, but handed it to the clerk, who in turn delivered it to Judge Field. It was Judge Field who entered the judgment and pronounced sentence.

We are constrained to the conclusion that Mr. Teel, although a competent and qualified practicing attorney of the Talladega bar, was not acting as a special judge within the purview of § 124, Title 13, supra. As an attorney he was an officer of the court, but not the court. The clerk is also an officer of the court but, as heretofore pointed out, a verdict received by the clerk in a capital felony trial, in the absence of the judge of the court, is illegal, although counsel for the defendant, at the request of the trial judge, assented to such procedure. Waller v. State, supra.

We hold that the verdict in this case was illegal, in that it was received in the absence of the judge of the court, and for such error the judgment of conviction must be reversed.

Having reached the conclusion that the judgment of the circuit court must be reversed, we must now determine what further order shall be made in the cause.

It is insisted by counsel for appellant that this case should not only be reversed, but that a judgment should be here entered discharging the defendant for the reason that the jury was not discharged in a legal sense, but was dissolved and finally separated without just cause or excuse and without the rendition of any legal verdict, and the defendant having been placed in jeopardy, he cannot again be tried for the same offense.

We cannot agree with this contention. The agreement entered into by counsel for defendant contemplated that the jury be dismissed after returning their verdict. It has been held that the constitutional immunity against a second trial is for the defendant's benefit and he may waive it. Hughes v. State, 35 Ala. 351. Where the error in receiving the irregular or void verdict is consented to or induced by the defendant, he is not entitled to an acquittal but only to a reversal. Lee v. State, 31 Ala.App. 91, 13 So.2d 583; certiorari denied, Lee v. State, 244 Ala. 401, 13 So.2d 590. This principle applies also where the consent is by counsel. Waller v. State, supra.

For the error hereinabove noted, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.