51 So.2d 266

**HUFFMAN v. STATE.**

**3 Div. 928.**

Court of Appeals of Alabama.

Feb. 20, 1951.

Rehearing Denied March 13, 1951.

608

John N. McGee, Jr., and Chas. E. Fant, of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant's jury trial on an indictment charging murder in the first degree resulted in an attempted verdict of guilty of murder in the second degree. Judgment was rendered pursuant thereto, hence this appeal.

The point which appellant's counsel argues as constituting error in this cause arose out of the return of the verdict in the absence of the defendant. Pertaining to this the court made the following statement for the record:

"The Court: I will put this statement on the record. It was agreed last night when the Jury returned a verdict and the Court had dismissed the Jury stating to them they would not be made to serve the next day but would have to come back and prove their attendance and get their money, which was about twenty minutes of one; the Court started out of the Courtroom, the lawyer for the defendant, Mr. John McGee, apprised the Court the defendant was not present when the Jury returned the verdict; at least one of the jurors had not left the Courtroom and was talking to the Court; immediately the other jurors were called back by the bailiff, who said a part of the jurors were on the steps, a part on the stone steps in front of the Courthouse and two of them were in the street leaving, and he called them all back; in a minute or two the Jury had returned to their Box, the defendant in the meanwhile had gotten over to the Courthouse and the Court asked the Jury if they had returned a verdict, they said they had and the verdict was read to the defendant at that time; the attorney for the defendant had told the Court before the Jury was called back that he intended making a motion asking that the verdict of the Jury be put aside and the defendant be freed; he also stated he was making a motion for a mistrial; the Court told him that the Court Reporter was then not present and he could write into the Court Record what the Court has just dictated. Is that right?

"Mr. McGee: You told me I could have my motion.

"The Court: That is your motion. The defendant was not present.

"Mr. McGee: I would like to have it as I have written it here.

"The Court: And he is herewith filing a motion. I don't agree with it.

"Mr. McGee: Do you agree with the statement of facts in there?

"The Court: Yes.

"(Motion referred to and offered in Evidence and marked 'Defendant's Exhibit A, 6/6/1950, WHL.')

"Mr. McGee: I would like at this time to withdraw my motion for a mistrial."

The record also shows that a written motion to discharge the defendant was made, which motion contained four grounds, asserting that the verdict in this cause was returned in defendant's absence without his or his counsel's consent.

Facts highly similar to the present case were present in Harris v. State, 153 Ala. 19, 49 So. 458, 459, as the following state-

ment of the facts made by the court will show:

"The appellant was tried and convicted on an indictment for murder in the second degree. The bill of exceptions shows that, while the defendant and his attorney were both out of the courtroom in another room, the defendant being in the custody of the deputy sheriff, the jury entered the courtroom with their verdict, which was read, and the jury discharged; that the first the defendant knew of the verdict having been rendered was when the sheriff came into the room, proceeded to put handcuffs on him, and told him that the jury had come in long ago and given him 10 years. The defendant and his attorney then went into the courtroom, where another case was in process of trial. The jury had dispersed; some being within the bar railing talking with various persons, some outside the railing, and one either in the front door of the courthouse or on the platform in front. The judge then directed the jury to come forward and stand up, and they came from different parts of the room. He then read the verdict to them, and asked if that was their verdict, to which the jury, or 'some one of them,' replied, 'It is.' On this testimony the defendant moved for his discharge.

"There is no controversy about the fact that the defendant is entitled to be present when the verdict is rendered against him; but the state contends that in this case the facts show that the defendant was entitled only to a new trial, and that the action of the court on motion for a new trial in a criminal case is not revisible."

After a careful review of the doctrines of the Alabama cases applicable the Supreme Court concluded that after dispersion of the jury it could not be reassembled and thereafter render a valid verdict by assenting to the verdict rendered in the absence of the defendant. It was further held that the discharge of the jury in the absence of the defendant entitled the defendant to an acquittal, because of former jeopardy.

We can find no substantial differences between the facts in the Harris case, supra, and the present case, except that the dispersal of the jury in the present case was somewhat more widespread than in the Harris case. Such of course, as it might affect the conclusions in this case is a difference without a distinction.

In Lee v. State, 31 Ala.App. 91, 13 So.2d 583, certiorari denied 244 Ala. 401, 13 So. 2d 590, this court, through Simpson, J., held that in a felony case where an irregular or void verdict is received with the defendant's consent, he is not entitled to an acquittal but only to a reversal of his conviction, it being considered that his consent waives immunity from a second jeopardy, a personal right.

No consent of the defendant to the irregular reception of the verdict in his absence is present in this case. In fact it affirmatively appears that he did not consent.

We therefore conclude that the doctrine of the Harris case, supra, binding upon us, compels the reversal and rendition of this case.

The judgment of the lower court is reversed and it is hereby ordered that the defendant be discharged from further prosecution in this cause.

Reversed and rendered.