513 P.2d 674

**STATE of Arizona, Appellee,**

v.

**Michael Thomas KOKER, Appellant.**

**No. 1 CA–CR 488.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 6, 1973.

Rehearing Denied Oct. 15, 1973.

Review Denied Oct. 30, 1973.

---

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Fannin & Cruse by Robert J. Cruse, Phoenix, for appellant.

## OPINION

EUBANK, Presiding Judge.

The appellant, Michael Thomas Koker, was charged with aggravated battery in violation of A.R.S. § 13–241 and § 13–245, subsec. A, par. 3. He was tried before the court without a jury, found guilty, and sentenced to a term of not less than four nor more than five years in the state prison.

Appellant moved for a new trial which was denied, and this appeal followed.

The appellant raises four questions for review. He contends that, (1) the sentence imposed was excessive and unreasonable; (2) his absence during alleged final argument by counsel in the trial judge's chambers was violative of Rule 231, Rules of Criminal Procedure, 17 A.R.S.; (3) he did not waive his right to a jury trial; and (4) the rendering of the verdict out of his presence was also violative of Rule 231, supra.

With respect to the sentence imposed by the trial court, this court will not alter such a determination which is within the statutory limits unless the trial court has abused its discretion in the matter. State v. Fischer, 108 Ariz. 325, 498 P.2d 147 (1972). The record is clear that all

relevant matters were considered by the court in imposing sentence, and thus the four to five year sentence, which is within statutory limits, was clearly within its sound discretion.

Appellant's second contention with respect to the absence of the appellant during alleged final argument must also be rejected. Appellant alleges that Rule 231, subd. A, par. 4., Rules of Criminal Procedure, is controlling. It reads in pertinent part as follows:

"A. In a prosecution for a felony the defendant shall be present:

\* \* \* \* \* \*

4. At all proceedings before the court when the jury is present."

This section is clearly inapplicable since the matter was tried without a jury to the court, and no other section of this rule is relevant to this issue.

By his third question appellant contends that his right to a jury trial was not waived thereby necessitating a new trial. The pertinent facts are as follows: The matter came to trial on February 1, 1972, and the first thing the court concerned itself with was the jury waiver:

"THE COURT: . . . This is the time set for trial in this matter. I understand counsel has agreed to waive the trial by jury in this matter, is that correct?

MR. HURLEY [defendant's counsel]: That is right, Your Honor."

This discussion took place in the courtroom and in the appellant's presence. No objection to° the waiver was made by appellant. Thereafter, a preliminary motion was considered and the State's first witness was then sworn. After a portion of the testimony was heard (just how much is a disputed matter), appellant notified his counsel that he wanted a jury trial and counsel responded that it had already been waived.

In State v. Jelks, 105 Ariz. 175, 461 P.2d 473 (1969), cert. den., 398 U.S. 966, 90 S. Ct. 2179, 26 L.Ed.2d 549 (1970), our Supreme Court ruled that a knowing and intelligent waiver of trial by jury could be made by counsel in the presence of the accused and need not be made by the defendant personally. The court stated:

"The trial court has the duty to see that an accused person's election to waive a jury trial is knowingly and understandingly made. Such a duty cannot be perfunctorily discharged. We are not persuaded, however, that defendant Jelks did not understand what was happening. By permitting his attorney, in his presence and without objection on his part, to waive his right to a jury trial, defendant must be held to have knowingly acquiesced in that decision." 105 Ariz. at 178, 461 P.2d at 476.

Likewise, this Court is not persuaded that the appellant did not understand what was happening. The record indicates that the question of whether or not to waive a jury was discussed between appellant and his counsel several days prior to trial. And although the appellant contends that the question of waiver was not decided at this conference (which conflicts with his attorney's testimony), nonetheless he voiced no objection to the court upon his attorney's oral waiver. The fact that the appellant objected to his counsel about the lack of a jury at a time when damaging testimony by the complaining witness had already been heard is not seen as sufficient evidence that the initial waiver was made without full understanding.

Appellant contends that the case of State v. Ritchey, 107 Ariz. 552, 490 P.2d 558 (1971), relieves the defendant of any duty to make express objection to his counsel's waiver of a jury trial. Ritchey involved the validity of a waiver of jury trial when made by counsel for defendant in chambers and out of the presence of the defendant. The waiver there was by stipulation, and the record was totally devoid of any participation by the defendant in the stipulation or even of his awareness that he possessed a right to trial by jury. Based on these facts, the Ritchey court noted that ratification of the counsel's waiver would

not be assumed by the defendant's sitting through a trial without objection to the lack of a jury.

The case at bar is easily distinguished from Ritchey in that the record is quite clear that the appellant here was fully aware of his right to a trial by jury. Therefore, the Ritchey rationale based on lack of awareness of the right to a jury is simply not applicable, and the waiver by counsel in appellant's presence is binding on appellant since a timely objection was not made.

■■ The final issue before this Court concerns the rendition of the verdict outside of the presence of the appellant. Rule 231, subd. A., par. 7. is quite clear on this matter and it reads as follows:

"A.  In a prosecution for a felony the defendant shall be present:

\*     \*     \*     \*     \*,     \*

7.  At the rendition of the verdict."

In the case at bar, after both sides had rested their cases, the court took the matter under advisement, and the appellant was returned to jail. Later that same day, verdict was rendered by minute entry finding the appellant guilty. The record shows that a copy of this minute entry was sent to appellant's attorney. He withdrew two weeks later and another was substituted. The appellant claims that he was not informed of the verdict until he appeared for sentencing 23 days later.

In our opinion Rule 231, subd. A, par. 7. requires the physical presence of a defendant before the court, in the jury waiver situation, when the verdict is rendered or pronounced by the Court. This reversal does not require a new trial. We are merely vacating the judgment and remanding this matter to the trial court for compliance with Rule 231, subd. A, par. 7. and resentencing thereafter.

The judgment is vacated and remanded for further proceedings not inconsistent with this decision.

JACOBSON, C. J., Division 1, and HAIRE, J., concur.