550 P.2d 1086
**STATE of Arizona, Appellee,**

v.

**Anselmo Sosa CRUZ, Appellant.**

**No. I CA–CR 1699.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 15, 1976.

Rehearing Denied July 23, 1976.
Review Denied Sept. 9, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Asst. Atty. Gen., Phoenix, for appellee.

Callahan, Cathcart & Gorman by Edwin F. Cathcart, Jr., Tempe, for appellant.

## OPINION

JACOBSON, Presiding Judge.

The defendant was found guilty after a trial to the court of the crime of possession of a narcotic drug, to wit, heroin, in violation of A.R.S. § 36–1002 and was sentenced to not less than five nor more than 15 years in the state prison. Defendant has appealed both his conviction and sentence.

Defendant's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) as to the conviction aspects of his appeal, but has raised an arguable issue concerning the validity of his sentence. This court allowed the defendant to file a supplemental brief, which he has done.

■ The court has reviewed the proceedings as to the issue raised by counsel concerning the validity of the search warrant, that is, that the liability of the confidential informant does not appear from the face of the warrant. We disagree. The affidavit related that the informant had been used on prior occasions which had led to at least one arrest and that the informant had been used in a controlled buy situation. In our opinion, this is sufficient indication of reliability to allow the magistrate to issue the warrant in this case. *See, State v. Castro*, 13 Ariz.App. 240, 475 P.2d 725 (1970); *State v. Jung*, 19 Ariz. App. 257, 506 P.2d 648 (1973). Defendant in his supplemental brief suggests the trial held on September 5, 1975 was in his absence. The record does not reflect such absence, and in fact, the defendant was present and took the stand in his own behalf at that proceeding. We assume that what defendant has reference to is that after the court took the matter under ad-

visement he was found guilty by the court on November 12, 1975, at which time his counsel was present but through a mixup with counsel, the defendant was not present.

Rule 19.2, Rules of Criminal Procedure, provides in part:

"The defendant has the right to be present at every stage of the trial, including . . . the return of the verdict." See State v. Koker, 20 Ariz.App. 385, 513 P.2d 674 (1973). However, at the sentencing in this matter, at which time the defendant was present, the court stated: "The record may show that trial to the jury was waived on September 2nd. The Court's finding on the trial of said cause, the Court found the defendant guilty of the charge of possession of narcotic drug, to wit, heroin."

 While the failure of the defendant to be present at the time the "verdict" was rendered may constitute technical error, and in the case of a jury trial, with the attendant rights to poll the jury this error may be reversible, we fail to find any prejudice resulting to the defendant in this case. Unlike a jury trial, no right exists to poll the trial judge upon his determination of guilt. Moreover, the beneficial psychological effect of having the accused see the trier of fact and vice versa when the pronouncement of the verdict is made, was accomplished in this case when the trial judge entered judgment on his prior determination of guilt in the defendant's presence at the time of sentencing. We are thus unable to see how the defendant was prejudiced by his non-presence at the court's first determination of guilt and find nothing would be gained by remanding for the purpose of again having the verdict read to the defendant to comply with the Rule.

We are not unmindful in reaching this decision, of State v. deAnda, 9 Ariz.App. 134, 449 P.2d 971 (1969) and State v. Koker, supra. However, in both of these cases where presence of the defendant at time of verdict was involved, there is no indication that the court ever stated its finding of guilt in the defendant's presence, as was done in this case at time of sentencing. Moreover, in Koker, this error did not result in reversal, but merely remand for determination of guilt with defendant present. As previously indicated, this has already occurred in this case and remand would accomplish nothing.

 We have reviewed the procedures by which the defendant waived the jury and allowed the state's case in chief to be presented by way of submission of the preliminary hearing transcript and police departmental reports. We find the waiver valid and the submission complies with State v. Crowley, 111 Ariz. 308, 528 P.2d 834 (1974) and State v. Jackson, 23 Ariz.App. 473, 534 P.2d 281 (1975).

The defendant's counsel has also raised the issue of the validity of the defendant's sentence of five to 15 years, contending that it exceeds the statutory maximum punishment allowed by the legislature for this crime. We agree.

A.R.S. § 36–1002(A) provides that possession of heroin "shall be punished by imprisonment in the state prison for not less than two years nor more than ten years. . . . ." Subsection (B) of § 36–1002 provides in part:

"If such a person has been previously convicted once of any felony offense described in this article . . . the previous conviction shall be charged in the indictment or information and if . . . admitted by the defendant, he shall be imprisoned in the state prison for not less than five years nor more than twenty years . . . ." (emphasis added)

 During cross examination of the defendant, he admitted he had been previously convicted of possession of a narcotic drug. However, this prior conviction had not been charged in the information filed in this case In our opinion, a prerequisite to enhanced punishment under A.R.S. § 36–1002(B) is that the prior conviction

"shall" be set forth in the charging document. Having failed to charge the prior conviction in the information filed, the defendant can only be sentenced under A.R.S. § 36–1002(A) which carries a maximum of 10 years. It follows the sentence imposed upon the defendant which carries a maximum of 15 years is illegal and therefore the sentence must be set aside and the matter remanded for a resentencing.

The defendant in his supplemental brief has raised issues concerning the validity of his sentence dealing with "good-behavior-deductions", "double time" deductions and that his sentence constitutes cruel and unusual punishment. Either the matters raised by the defendant are not ripe for determination or are rendered moot by the vacating of the sentence imposed and are therefore not reached.

The judgment of guilt is affirmed; the sentence is vacated; and the matter remanded for resentencing in accordance with this opinion.

SCHROEDER and WREN, JJ., concur.