562 P.2d 367

STATE of Arizona, Appellee,

v.

Roy Levy RITCHINGS, Appellant.

No. 3660.

Supreme Court of Arizona,
In Banc.

March 16, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

J. Douglas McVay, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant, Roy Levy Ritchings, was charged and convicted after a trial to the

488

court without a jury of armed robbery, a violation of A.R.S. §§ 13–641 and 13–643, and assault with a deadly weapon while armed with a gun, a violation of A.R.S. § 13–249 A and B. He appeals.

The trial was concluded on December 17, 1975. At this time, the court took the case under advisement, but later the same day it found the defendant guilty of both armed robbery and assault with a deadly weapon. The decision was recorded in the minute entry of the court for that day. Appellant and his attorney were not advised in advance that the court was going to rule and, consequently, were not present at the time the court found appellant guilty. However, on January 12, 1976, at the time for sentencing, the court advised appellant in open court that it was "the finding, verdict and judgment of the Court that [he was] guilty of Armed Robbery" and of assault with a deadly weapon. Appellant was then sentenced on each offense to a term in the State Prison.

Appellant points to Rule 19.2 of the Rules of Criminal Procedure, which reads:

"The defendant has the right to be present at every stage of the trial, including the impaneling of the jury, the giving of additional instructions pursuant to Rule 22, *and the return of the verdict.*" (Emphasis added)

He contends that the "verdict" was not rendered in his presence and that he was not advised of the time that the "verdicts" would be rendered. He asks that the matter be remanded to the trial court for resentencing in compliance with Rule 19.2.

While we express doubts that a court's finding of guilty is a "verdict" within the meaning of Rule 19.2, we observe the Court of Appeals has appropriately answered appellant's argument on the merits.

"While the failure of the defendant to be present at the time the 'verdict' was rendered may constitute technical error, and in the case of a jury trial, with the attendant rights to poll the jury this error may be reversible, we fail to find any prejudice resulting to the defendant in this case. Unlike a jury trial, no right exists to poll the trial judge upon his determination of guilt. Moreover, the beneficial psychological effect of having the accused see the trier of fact and vice versa when the pronouncement of the verdict is made, was accomplished in this case when the trial judge entered judgment on his prior determination of guilt in the defendant's presence at the time of sentencing. We are thus unable to see how the defendant was prejudiced by his nonpresence at the court's first determination of guilt and find nothing would be gained by remanding for the purpose of again having the verdict read to the defendant to comply with the Rule." *State v. Cruz,* 27 Ariz.App. 44, 550 P.2d 1086, 1088 (1976).

The instant case is nearly identical to *State v. Cruz.* While Cruz's attorney was present at the determination of guilt, that fact is too insubstantial upon which to base a difference. Appellant was advised at the time of sentencing of the "verdict" and of the court's judgment based thereon. There is no possible prejudice to the defendant, even if it is conceded there was "technical error." As in *Cruz,* a remand could not possibly accomplish anything. Appellant has already heard the pronouncement of the court's findings, verdicts and judgments in open court. The judgments and sentences are therefore affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.