The defendant was charged in three indictments with the sale of marijuana. A fourth indictment charged possession of marijuana. Sentence was 15 years' imprisonment in each case. Three issues are raised on appeal.
 I
The defendant waived a jury trial. After trial, the trial judge took the case under advisement and six days later rendered his verdict in the form of a written order filed with the Circuit Clerk.
It is undisputed that there was no finding of guilt made in open court and that neither the defendant nor his counsel was present when the trial judge adjudged the defendant guilty. The defendant was sentenced in open court and his attorney was present. The defendant argues that he had a right to be present when the verdict was rendered. He further argues that a violation of that right amounts to an acquittal under Lee v.State, 31 Ala. App. 91, 13 So.2d 583, cert. denied, 244 Ala. 401, 13 So.2d 590 (1943), and that he must be discharged because of former jeopardy. Huffman v. State, 35 Ala. App. 607,51 So.2d 266 (1951).
On December 28, 1981, the trial court entered the following order in response to the defendant's motion to correct the record:
 "The court found defendant guilty by written Order dated June 17, 1981, without the defendant's and counsel's presence, and said Order was filed in the Office of the Circuit Clerk of Montgomery County, Alabama.
 "The offer of the court for finding of guilt in open court in the presence of the defendant and his counsel, if jurisdiction exists[1], was refused by defendant's counsel."
"There is of course no controversy but that, unless his presence is waived, a verdict received in the absence of a defendant is void, and is the equivalent to an *Page 446 
acquittal." Lee v. State, 244 Ala. 401, 403, 13 So.2d 590
(1943). Almost universally recognized in our jurisprudence is the ancient and closely guarded right of the defendant in a felony case to be present when the jury renders its verdict. Anno., 23 A.L.R.2d 456 (1952). However, every Alabama case we have reviewed involved the defendant's right to be present when the jury returned its verdict. For example, Berness v. State,263 Ala. 641, 83 So.2d 613 (1955); Cobb v. State, 250 Ala. 496,35 So.2d 86 (1948); Lee v. State, 244 Ala. 401, 13 So.2d 590
(1943); Harris v. State, 153 Ala. 19, 49 So. 458 (1907); Dix v.State, 147 Ala. 70, 41 So. 924 (1906); Wells v. State, 147 Ala. 140,41 So. 630 (1906); Cook v. State, 60 Ala. 39 (1877);Waller v. State, 40 Ala. 325 (1867); Brister v. State, 26 Ala. 107
(1855); State v. Hughes, 2 Ala. 102 (1841); Huffman v.State, 35 Ala. App. 607, 51 So.2d 266 (1951). It is clear from these cases that had the defendant been absent when the jury
returned its verdict, that verdict would have been void and the defendant entitled to discharge and acquittal.
We also note that the judgment entered by the trial court did not comply with Rule 8 (a), Alabama Rules of Criminal Procedure-Temporary Rules (effective February 23, 1980), providing that "(j)udgment shall be pronounced in open court." The definition of the term "judgment" includes "the adjudication of the court based . . . upon its own finding following a nonjury trial, of the defendant's guilt or innocence." Rule 1 (a), A.R.C.P.
We have searched, but have been unable to find a case in this state wherein the defendant waived a jury trial and was absent when the trial judge pronounced or returned his verdict and judgment.
However, in Bailey v. State, 419 A.2d 925 (Del.Supr. 1980), the Supreme Court of Delaware was faced with the same issue. That court held that the defendant's absence constituted harmless error in a nonjury trial despite the fact that in an earlier case the court had found the harmless error rule unsuitable in the context of absence from the return of a verdict by the jury. In Shaw v. State, 282 A.2d 608 (Del.Supr. 1971), the court had found that the right of a defendant to be present at the return of the verdict by the jury in a felony case is "so fundamental that it exists unless waived even though no actual prejudice may be provable." The right is "so substantial" as to make inapposite harmless error. Shaw, 282 A.2d at 610. "(T)he ancient right of presence is so fundamental as to permit of no judge-made exception based upon the existence or nonexistence of provable prejudice." Shaw, 282 A.2d at 611.
In Bailey, the court distinguished Shaw where the defendant had been tried by a jury.
 "Further, our decision that the error in Shaw could not be deemed harmless, despite a failure to show prejudice, was made in the context of the defendant's right to be present when the verdict was rendered by a jury. Clearly, a criminal defendant has an interest and right to be present during a non-jury trial when his `absence could, under some set of circumstances, be harmful.' Polizzi v. United States, 9th Cir., 550 F.2d 1133, 1138 (1976). See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In addition, where the verdict is rendered by a letter opinion in a non-jury trial, the defendant's interest in being present at that time is not so great that the Superior Court Criminal Rule 52 harmless standard could not be applied. See, Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705, 709 (1967).
 "Even if Rule 43 required the defendant's presence in this case, `actual prejudice should be conceivable before the presumption of prejudice (could) prevails. . . .' Jacobs v. State, Del.Supr., 418 A.2d 988, 989
(1980). We cannot think of any manner in which the defendant in this case could have been prejudiced, nor does the defendant allege that the return of the verdict by letter opinion without his presence prejudiced his case. In addition, in a non-jury trial, we can think of no purpose to be served by having a defendant, *Page 447 
already in custody, taken to court for the sole purpose of having a letter opinion verdict read to him." Bailey, 419 A.2d at 927.
In State v. Koker, 20 Ariz. App. 385, 513 P.2d 674 (1973), the court found that the state rules of criminal procedure required "the physical presence of a defendant before the court, in the jury waiver situation, when the verdict is rendered or pronounced by the court." Koker, 513 P.2d at 677. Although the defendant's absence violated this rule, the court found that a reversal was not required but vacated the judgment and remanded the matter "for compliance with the rule and resentencing."Koker, supra.
In State v. Cruz, 27 Ariz. App. 44, 550 P.2d 1086 (1976), the Arizona Court of Appeals held that there was no need to remand a case for proper sentencing where the trial court stated its finding of guilt in the defendant's presence at sentencing.
 "While the failure of the defendant to be present at the time the `verdict' was rendered may constitute technical error, and in the case of a jury trial, with the attendant rights to poll the jury this error may be reversible, we fail to find any prejudice resulting to the defendant in this case. Unlike a jury trial, no right exists to poll the trial judge upon his determination of guilt. Moreover, the beneficial psychological effect of having the accused see the trier of fact and vice versa when the pronouncement of the verdict is made, was accomplished in this case when the trial judge entered judgment on his prior determination of guilt in the defendant's presence at the time of sentencing. We are thus unable to see how the defendant was prejudiced by his non-presence at the court's first determination of guilt and find nothing would be gained by remanding for the purpose of again having the verdict read to the defendant to comply with the Rule.
 "We are not unmindful in reaching this decision, of State v. deAnda, 9 Ariz. App. 134, 449 P.2d 971
(1969), and State v. Koker, supra. However, in both of these cases where presence of the defendant at time of verdict was involved, there is no indication that the court ever stated its finding of guilt in the defendant's presence, as was done in this case at time of sentencing. Moreover, in Koker, this error did not result in reversal, but merely remand for determination of guilt with defendant present. As previously indicated, this has already occurred in this case and remand would accomplish nothing." Cruz, 27 Ariz. App. at 46, 550 P.2d 1086.
Here, before sentencing the defendant, the trial judge announced: "After a non-jury trial, I found Mr. Davis guilty of the offenses charged in those cases, and Mr. Davis was set for sentencing today. Mr. Davis, do you have anything to say why sentence should not be passed in those cases?"
Throughout the proceedings below and before this Court, the defendant has alleged no prejudice as a result of his absence. Indeed, under the circumstances of this case it is difficult to imagine any.
In Neal v. State, 257 Ala. 496, 59 So.2d 797 (1952), the Supreme Court of Alabama was not willing to deprive the defendant of his constitutional right to be present when the verdict of the jury was returned against him by a recital in the judgment entry showing the defendant present when the facts as shown by the record revealed that he was not present. The court noted: "Substance and not form should control in a situation of this kind where constitutional rights are involved." Neal, 257 Ala. at 497, 59 So.2d 797. Brister, supra, also supplies some authority for applying harmless error in this case.
Accordingly, we hold that the technical error committed in this case resulted in no prejudice to the defendant.
Additionally, we have thoroughly searched the record and supplemental record in this case and have found no objection to the action now made the subject of this issue. At the hearing on the motion to correct the record, defense counsel did object to the offer of the trial judge to resentence the defendant in open court upon *Page 448 
remand by this Court.[2] There was no motion to discharge, motion in arrest of judgment or motion for new trial filed in the trial court. As was observed in Harris v. State, 153 Ala. 19,21, 49 So. 458 (1967): "It will be noted that there was no motion for the discharge of the prisoner in that case (State v.Hughes, 2 Ala. 102 (1841)), . . . so that the matter of the rendition of the judgment in the absence of the prisoner was really not in the case."
 II
Under Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556,65 L.Ed.2d 633 (1980); United States v. Salvucci, 448 U.S. 83,100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); and Rakas v. Illinois,439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), we find that the defendant did not have standing to contest the search of the automobile where there was no showing of expectation of privacy or interest in the vehicle. There was no separate hearing on the issue of the search and seizure and after the State had rested its case defense counsel moved to exclude the evidence "as there is no connection between him (the defendant) and the contents of that automobile other than he was sitting on the car, and further it was not determined whether that car was his, or not. He wasn't inside the car."
There is also some evidence that the defendant attempted to flee and abandon the automobile. Collier v. State,413 So.2d 396 (Ala.Cr.App., 1 Div. 189, 1981); Hodges v. State,49 Ala. App. 1, 267 So.2d 798 (1972).
 III
Finally, the defendant argues that his motion for psychological evaluation at Bryce State Hospital was due to be granted.
On January 29, 1981, District Court Judge Joseph N. Poole, acting as a Circuit Court Judge granted the defendant's "oral motion in open court for a psychological evaluation." This oral motion was made in open court on the day the case was set for trial.
The defendant was not sent to Bryce's but was examined, at the request of the trial judge, by the associate clinical director of the Montgomery Area Mental Health Authority.
The findings and statements made by the trial judge on the hearing of the motion to correct the record clarify this issue.
 "THE COURT: (A)t the date and time that the request was made in open court, that it was the practice of this Court to refer all such requests to the Montgomery Mental Health Authority, which was subsequently done. And it appears to me that Judge Poole, although being very knowledgeable about the affairs of this Court, was not aware that that was our practice at that time, and that it was subsequently done, and the Montgomery Area Mental Health Authority upon their evaluation recommended that the Defendant not be transferred to Bryce for evaluation."
* * * * * *
 "THE COURT: Let the Record further reflect that it has been the practice of this Court since January of this year, or maybe late December of 1980, that the Court's interpretation of the law is that any criminal defendant may request an evaluation by Bryce Institute. And if the Court finds that there is good cause to grant such a request, it may grant it. That in an effort for this to assist this Court in determining whether there was good cause for such a request, the Court enlisted the services of the Montgomery Area Mental Health Authority so that *Page 449 
they could conduct the initial evaluation and inform the Court whether in their opinion there was good cause for granting of such a request. Those requests with the Montgomery Area Mental Health Authority, being more competent than the Court as a layman to determine whether a person is in need of psychological evaluation, where they recommend that they not be transferred to Bryce, generally the Court so orders it and the Defendant will not be transferred for further evaluation."
Immediately before trial, the trial judge found that the defendant "very clearly understands the consequences" of his case, that "after talking with Mr. Davis (the defendant) in this case, I concur that mental evaluation is not required" and that the defendant "understands perfectly well what is going on."
We find no error in the action of the trial judge in refusing to order further investigation into the defendant's competency to stand trial. There is nothing in the record to create a reasonable and bona fide doubt as to the mental competency of the accused to stand trial. Atwell v. State, 354 So.2d 30
(Ala.Cr.App. 1977), cert. denied, 354 So.2d 39 (Ala. 1978).
The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.
[1] The defendant was adjudged guilty on June 17, 1981. There was no motion for new trial. The circuit court lost jurisdiction on July 17, 1981. Alabama Code 1975, Section 12-22-133.
[2] At the hearing on the motion to correct the record the trial judge stated: "It is satisfactory with this Court for the Attorney General to suggest to that Court (of Criminal Appeals) that the case be remanded for proper finding of guilt and sentencing in this case." Defense counsel's response was: "I object to him having to come down here for resentencing, but that is something between you and the Attorney General. I'm just concerned primarily now with correcting the Record to reflect again that the Defendant was not physically present where a guilty verdict was rendered, nor was I present."