510 So.2d 153 (1987)
Ex parte Carl Dennis HAMMOND.
(Re Carl Dennis Hammond v. State).
85-904.
Supreme Court of Alabama.
March 20, 1987.
Rehearing Denied June 19, 1987.
*154 Christopher Knight, Mobile, for petitioner.
Charles A. Graddick, Atty. Gen., and Victor Jackson, Asst. Atty. Gen., for respondent.
STEAGALL, Justice.
Carl Dennis Hammond was convicted of possession of phenmetrazine hydrochloride, a controlled substance, in violation of Ala. Code 1975, § 20-2-70. The Court of Criminal Appeals, 486 So.2d 522, affirmed his conviction, without opinion. We affirm.
Certiorari was granted in order to determine whether the absence of Hammond and his attorney from the courtroom during an inquiry concerning a confidential informant was in violation of his right to be present during every stage of his trial.
During the course of the trial, an inquiry was conducted by the trial judge outside the presence of the jury, Hammond, and his attorney to determine from the arresting officer what information he obtained from the informant and how that information was obtained. The purpose of this inquiry was to determine whether the identity of the informant would be divulged by the officer's testimony. Although the trial court never affirmatively ruled on this point, the record shows that the defense was allowed to question the officer about his conversation with the informant.
Hammond argues that he has a jurisdictional right to be present at all stages during his criminal trial, and that this right supersedes the right of the State to withhold the identity of a confidential informant.
"The general rule is that the prosecution is privileged to withhold from an accused the identity of an informer.... The court in Kilgore v. State, 50 Ala. App. 501, 503, 280 So.2d 206, 208 (Ala.Cr. App.1973), stated the following: `Public policy forbids the disclosure of an informant's identity unless it is essential to the defense set up by the accused and is necessary to show his innocence.' (Citations omitted.) The United States Supreme Court, in Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957), expounded upon the State's privilege to withhold the identity of informers as follows: `The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.'"
Stanford v. State, 448 So.2d 472, 473 (Ala. Cr.App.1984).
It is also well settled that a defendant has a right to be present during every stage of his trial; and without his presence at every stage, the court has no jurisdiction to pronounce judgment against him. Berness v. State, 263 Ala. 641, 83 So.2d 613 (1955). However, a defendant in a noncapital felony case may waive his continuous presence at trial. Berness v. State, supra.
In Davis v. State, 416 So.2d 444 (Ala.Cr. App.), cert. denied, Ex parte Davis, 416 So.2d 449 (Ala.1982), cert. denied, Davis v. Alabama, 459 U.S. 1019, 103 S.Ct. 384, 74 L.Ed.2d 515 (1982), the defendant waived a jury trial and was absent when the trial judge pronounced judgment. The Court of Criminal Appeals held that this was a technical *155 error that resulted in no prejudice to the defendant. In addition, the court found that the defendant never objected at trial. There was no motion to discharge, motion in arrest of judgment, or motion for new trial filed in the trial court.
In the instant case, Hammond never objected to his absence from the courtroom, and no motion to discharge, motion in arrest of judgment, or motion for new trial was filed. Furthermore, Hammond does not allege that he suffered any prejudice as a result of his absence. We find that disclosure of the informant's identity was not essential to Hammond's defense because the informant was not an active participant with Hammond in the possession of the controlled substance found on Hammond's person. See Murphy v. State, 367 So.2d 584 (Ala.Cr.App.1978), cert. denied, Ex parte State Ex Rel. Attorney General, 367 So.2d 587 (Ala.1979).
Based upon the foregoing, we find that no prejudice resulted from Hammond's absence during the court's inquiry concerning the identity of the informant; therefore, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
MADDOX, SHORES, BEATTY and HOUSTON, JJ., concur.
JONES, ALMON and ADAMS, JJ., dissent.
JONES, Justice (dissenting).
I respectfully dissent. Two critical facts are undisputed: 1) The trial court ordered the defendant out of the courtroom during a stage of his trial; and 2) the defendant did not consent to his absence.
The opinion cites dicta from Berness v. State, 263 Ala. 641, 83 So.2d 613 (1955), for the proposition that "[A] defendant in a noncapital case may waive his continuous presence at trial." The holding of Berness, however, is accurately summarized in the editor's headnote 1, reaffirming the fundamental right here at stake: "The presence of a defendant, who is charged with a felony, at every stage of his trial is essential to validity of his trial and conviction, unless there has been a clear and unequivocal waiver of this right by defendant."
Today's ruling, rather than being supported by Berness, has overruled Berness in three major aspects: 1) By substituting defense counsel's passive acquiescence in his and his client's absence from the courtroom for the defendant's absolute personal right to decline any offer or suggestion that he absent himself from any stage of the trial; 2) by requiring the defendant or his counsel to register an objection to the trial court's ordering of the defendant from his own trial; and 3) by injecting the element of prejudice, and thus the concept of harmless error, as a relevant inquiry on review.
Likewise, along with Berness, the following is a partial list of Alabama cases overruled by today's decision: Young v. State, 455 So.2d 208 (Ala.Crim.App.1984); Davis v. State, 416 So.2d 444 (Ala.Crim.App.), cert. denied, 416 So.2d 449 (Ala.1982), cert. denied, 459 U.S. 1019, 103 S.Ct. 384, 74 L.Ed.2d 515 (1982); Ex parte Durden, 394 So.2d 977 (Ala.1981); Behel v. State, 390 So.2d 662 (Ala.Crim.App.1979), cert. denied, 390 So.2d 671 (Ala.1980); Donahoo v. State, 371 So.2d 75 (Ala.Crim.App.), cert. denied, 371 So.2d 79 (Ala.1979).
To be sure, Alabama has even declared that the defendant's presence during every stage of his trial is jurisdictional, and that a violation of the right to be present results in a void conviction. Davis v. State, 416 So.2d 444 (Ala.Crim.App.), writ denied, 416 So.2d 449 (Ala.1982), cert. denied, 459 U.S. 1019, 103 S.Ct. 384, 74 L.Ed.2d 515 (1982).
Moreover, today's holding is out of step with federal precedent, beginning with Lewis v. United States, 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011 (1892):
"A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner. While this rule has, at times, and in the cases of misdemeanors, been somewhat relaxed, yet in felonies, it is not in the power of the prisoner, either by himself *156 or his counsel, to waive the right to be personally present during the trial."
Subsequent federal cases, reaffirming this right, have recognized three exceptions: 1) Where the defendant waives the right by voluntary absence, Taylor v. United States, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); 2) in the case of the disruptive defendant, Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); and 3) if the proceeding is a mere bench conference where only matters of law are discussed, United States v. Vasquez, 732 F.2d 846 (11th Cir.1984); see, also, State v. Turbeville, 235 Kan. 993, 686 P.2d 138 (1984).
Here, none of these exceptions applies. Even if the doctrine of waiver is applicable, this defendant's conduct in failing to object, as was true of the defendant in Berness, does not constitute a waiver. By today's decision we have regressed all the way from the absolutism of Lewis, pronounced by the United States Supreme Court in 1892 (the essential tenets of which have been followed religiously by this Court for many years), to the point of allowing a waiver of that fundamental right by a mere failure to object.
ALMON and ADAMS, JJ., concur.