I respectfully dissent. Two critical facts are undisputed: 1) The trial court ordered the defendant out of the courtroom during a stage of his trial; and 2) the defendant did not consent to his absence.
The opinion cites dicta from Berness v. State, 263 Ala. 641,83 So.2d 613 (1955), for the proposition that "[A] defendant in a noncapital case may waive his continuous presence at trial." The holding of Berness, however, is accurately summarized in the editor's headnote 1, reaffirming the fundamental right here at stake: "The presence of a defendant, who is charged with a felony, at every stage of his trial is essential to validity of his trial and conviction, unless there has been a clear and unequivocal waiver of this right by defendant."
Today's ruling, rather than being supported byBerness, has overruled Berness in three major aspects: 1) By substituting defense counsel's passive acquiescence in his and his client's absence from the courtroom for the defendant's absolute personal right to decline any offer or suggestion that he absent himself from any stage of the trial; 2) by requiring the defendant or his counsel to register an objection to the trial court's ordering of the defendant from his own trial; and 3) by injecting the element of prejudice, and thus the concept of harmless error, as a relevant inquiry on review.
Likewise, along with Berness, the following is a partial list of Alabama cases overruled by today's decision: Young v. State,455 So.2d 208 (Ala.Crim.App. 1984); Davis v. State,416 So.2d 444 (Ala.Crim.App.), cert. denied, 416 So.2d 449 (Ala. 1982),cert. denied, 459 U.S. 1019, 103 S.Ct. 384, 74 L.Ed.2d 515
(1982); Ex parte Durden, 394 So.2d 977 (Ala. 1981); Behel v.State, 390 So.2d 662 (Ala.Crim.App. 1979), cert. denied,390 So.2d 671 (Ala. 1980); Donahoo v. State, 371 So.2d 75
(Ala.Crim.App.), cert. denied, 371 So.2d 79 (Ala. 1979).
To be sure, Alabama has even declared that the defendant's presence during every stage of his trial is jurisdictional, and that a violation of the right to be present results in a void conviction. Davis v. State, 416 So.2d 444 (Ala.Crim.App.),writ denied, 416 So.2d 449 (Ala. 1982), cert. denied,459 U.S. 1019, 103 S.Ct. 384, 74 L.Ed.2d 515 (1982).
Moreover, today's holding is out of step with federal precedent, beginning with Lewis v. United States, 146 U.S. 370,372, 13 S.Ct. 136, 137, 36 L.Ed. 1011 (1892):
 "A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner. While this rule has, at times, and in the cases of misdemeanors, been somewhat relaxed, yet in felonies, it is not in the power of the prisoner, either by himself *Page 156 
or his counsel, to waive the right to be personally present during the trial."
Subsequent federal cases, reaffirming this right, have recognized three exceptions: 1) Where the defendant waives the right by voluntary absence, Taylor v. United States,414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); Diaz v. United States,223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); 2) in the case of the disruptive defendant, Illinois v. Allen, 397 U.S. 337,90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); and 3) if the proceeding is a mere bench conference where only matters of law are discussed, United States v. Vasquez, 732 F.2d 846 (11th Cir. 1984); see, also, State v. Turbeville, 235 Kan. 993,686 P.2d 138 (1984).
Here, none of these exceptions applies. Even if the doctrine of waiver is applicable, this defendant's conduct in failing to object, as was true of the defendant in Berness, does not constitute a waiver. By today's decision we have regressed all the way from the absolutism of Lewis, pronounced by the United States Supreme Court in 1892 (the essential tenets of which have been followed religiously by this Court for many years), to the point of allowing a waiver of that fundamental right by a mere failure to object.
ALMON and ADAMS, JJ., concur.