**Melvin SHAW, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Sept. 8, 1971.

Stanley T. Czajkowski and Michael P. Maguire, of Czajkowski & Maguire, Wilmington, for defendant below, appellant.

Richard H. Schliem, III, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

In this appeal from convictions of grand larceny and conspiracy, the sole ground of appeal is that the verdict was rendered in the involuntary absence of the defendant, in violation of Superior Court Criminal Rule 43, Del.C.Ann.[1]

The defendant was in custody during the trial. He became ill as the result of anxiety as he was being returned to the courtroom by his guard for the taking of the verdict. An ambulance was called and the defendant was sent to a hospital by instruction of the Court. There he was given a sedative and was promptly released for return to the courthouse. In the meanwhile, after holding the jury in

its room for about an hour, the Trial Judge decided to inform the jury of the situation and to proceed with the taking of the verdict in the absence of the defendant. The defendant's attorney was present and objected on the basis of Rule 43; but he was unable to state any actual prejudice to the defendant by reason of the situation. In the taking of the verdict, the jury was polled in the presence of the defendant's attorney.

The question presented is whether the Trial Court committed reversible error in permitting the jury's verdict to be returned in this felony case when the defendant was involuntarily absent from the courtroom by reason of illness, and there was no waiver. We hold that the law requires a ruling of reversible error.

Rule 43, taken from the Federal Criminal Rule 43, implements two fundamental precepts of the law: (1) the accused's Sixth Amendment right to confront his accusers; and (2) the accused's common law "privilege of presence" during his entire trial. The latter privilege originated at common law because, there being no common law right of counsel, the presence of the accused throughout came to be recognized as a prerequisite of the fundamental fairness of due process. As a matter of due process, therefore, the privilege fell within the guarantees of the Fourteenth Amendment. 8A Moore's Federal Practice, § 43.02 [1]; Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934).

---

1. Superior Court Criminal Rule 43 provides:

"In all cases where the Superior Court has or is exercising original jurisdiction over an offense the defendant shall be present at the arraignment, *at every stage of the trial including* the impaneling of the jury and *the return of the verdict*, and at the imposition of sentence, except as otherwise provided by these rules. In cases where the Superior Court is exercising appellate jurisdiction over an offense the defendant's presence at the arraignment is not required if counsel is present and

enters a plea in the defendant's behalf; the defendant's presence in such case shall be otherwise required as set forth above. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. A corporation may appear by counsel for all purposes. The defendant's presence is not required at a reduction of sentence under Rule 35." (Emphasis supplied.)

Almost universally in our jurisprudence, State and Federal, the ancient right of the defendant in a felony case to be present at the rendition of the verdict of the jury has been closely guarded. Typical is the expression of the Supreme Court of Pennsylvania in Commonwealth ex rel. Milewski v. Ashe, 363 Pa. 596, 70 A.2d 625, 627–628 (1950):

> "* * * It is fundamental in Anglo-Saxon jurisprudence that the defendant charged with a felony shall be permitted to be present at every stage of the trial. Certainly the rendition of the verdict is one of the most important stages of the trial. * * *. In our examination of this question we have not found a single jurisdiction in which the absence of a defendant in a felony case from the courtroom at the time the jury renders its verdict (unless the defendant is out on bail) is not a fatal error. If he is out on bail and is not present when the verdict is rendered it is taken for granted that he has waived his right to be present. * * *.
>
> * * * * * *
>
> "We believe that in every state where the question has been raised, it has been adjudged that the defendant in a felony case has a right to be present when the verdict is received. * * *."

The cases are collected in the Annotation entitled "Absence of Accused at Return of Verdict in Felony Case", 23 A.L.R.2d 456–515. An analysis here of the many cases on the point would serve no useful purpose in view of the overwhelming prevalence of the rule of strict enforcement of the privilege of attendance at the return of the verdict in a felony case, absent a voluntary non-attendance or a waiver.

■ It is manifest, therefore, that Rule 43 is mandatory by virtue of the funda-mental law from which it historically arose as well as the explicit and unequivocal language which it contains.

■ There is nothing in the instant case to excuse a strict application of Rule 43. The defendant was in custody; he was sent to the hospital by order of the commendably concerned Trial Judge; there is no indication that the illness was feigned. The defendant's absence from the courtroom was unquestionably involuntary and there was no waiver of the right of presence; indeed there was an explicit objection by counsel to the course of action adopted by the Trial Court. Undoubtedly, the illness of the defendant during any earlier stage of the trial would have necessitated a postponement or a mistrial, depending upon the duration of the illness. An illness at the verdict stage must have the same consequence.

■ It is argued by the State that no actual prejudice was sustained by the defendant whose attorney was present throughout. The right of presence under Rule 43 is not discharged, however, by an inability to demonstrate actual prejudice arising from a violation of the right. The right is so fundamental that it exists unless waived even though no actual prejudice may be provable. Similarly, the right here involved is such substantial right as to make inapposite harmless error Superior Court Criminal Rule 52(a).[2] In this connection, this defendant sustained whatever prejudices he would have sustained if his involuntary absence were caused by his detention at the correctional institution at the verdict stage of his trial. Clearly, such absence would nullify the verdict. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1911). The type of absence here involved must be held to have a like result.

---

2. Superior Court Criminal Rule 52(a) provides:
   "(a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

Both parties rely upon Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330 (1934) wherein the right of confrontation and the privilege of presence is fully discussed in learned majority and dissenting opinions of a 5–4 decision. That case did not involve the verdict stage of a felony case. We take the occasion, however, to endorse the dissenting view that the ancient right of presence is so fundamental as to permit of no judge-made exception based upon the existence or non-existence of provable prejudice.

Accordingly, the jury verdict in this case must be declared a nullity. The judgment of conviction is reversed and the cause remanded for new trial.