**Donald L. LOATMAN, Plaintiff Below, Appellant,**

v.

**Doris A. PATILLO, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted Feb. 28, 1979.

Decided April 6, 1979.

Robert Thurston Barrett, of Barrett & Barrett, Dover, for plaintiff below, appellant.

Nicholas H. Rodriguez, of Schmittinger & Rodriguez, Dover, for defendant below, appellee.

Before HERRMANN, C. J., DUFFY and QUILLEN, JJ.

PER CURIAM:

Although it is not reflected in the trial transcript, it appears undisputed that following the retirement of the jury to consider its verdict, a note was passed from the jury to the Trial Judge. The Trial Judge evidently responded in some fashion to the note. Thereafter the jury rendered its verdict through its forelady as follows:

"MADAM FORELADY: The jury finds negligence on the part of the defendant. We award the plaintiff in the amount of $1,500 for medical expenses incurred in 1973 and all damages to the tractor, including the replacement of the high gear."

Following the verdict, the plaintiff moved for a new trial on several grounds including an assertion that the note incident may have affected the jury's deliberations.

In denying the motion for new trial, the Trial Judge wrote:

"The communication received from the jury had to do with the method of returning the verdict and not to the substance of the case."

There appears to be some split in authority whether communications not in open court from a judge to the jury without the presence of or notice to counsel is reversible error per se or only reversible if prejudice resulted or could have resulted. 58 Am. Jur.2d, *New Trial,* § 110; Anno. 41 A.L.R.2d 288, 305–316 (Civil Cases); see also Anno. 41 A.L.R.2d 227, 266–275 (Criminal Cases).

The closest Delaware case brought to our attention is *Hyman Reiver and Company v. Rose,* Del.Supr., 147 A.2d 500 (1958). That case concerned the time of disclosure to counsel of the contents of a note from the jury. This Court found no prejudice, given the particular contents of the note and the supplementary charge, even though the note was not shown to counsel until after the supplementary charge. Significantly, the note was preserved on the record and the communication from the judge to jury was in open court.

Whether prejudice is required to be shown or not, it is generally agreed that communication by a trial judge with a deliberating jury without notice to or the presence of counsel is improper and should be discouraged. As this Court said in the *Hyman Reiver* case at 147 A.2d 505: "It is settled that the court may not communicate with the jury in the absence of counsel."

Turning to this appeal, while we of course accept the good faith of the Trial Judge in his characterization of the communications, the record in this case does not permit a review by us to determine if the action was harmless. The note from the jury is not in the record. The communication by the Trial Judge is not in the record. No effort was made to promptly summarize these communications for the record. The verdict itself, while not incomprehensibly confusing, is somewhat unusual in form. And the form of the verdict is contrary to both the usual general instruction on the form of verdict, and the precise instruction given in this very case to the effect that a plaintiff's verdict "shall be in one lump sum amount including amounts for damages to personal property and medical expenses directly resulting from the accident, any permanent injury directly resulting from the accident, any pain and suffering directly resulting from the accident."

On the record before this Court, we are unable to say that the improper communication was harmless. The judgment is therefore reversed and the case remanded for a new trial.*

---

* The decision on the judge-jury communication makes it unnecessary to consider the other grounds raised in the appeal. But we do note the requirement of Rule 51 that the trial court inform counsel of its proposed action upon requests for instructions prior to their arguments to the jury. We also indicate our general disapproval of a trial judge absenting himself during the time that a videotape of a deposition is presented to the jury and suggest that counsel should not normally be asked to consent to such a procedure.