Milton Lewis JACOBS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted June 3, 1980.

Decided June 24, 1980.

Richard E. Fairbanks, Jr., Asst. Public Defender, Wilmington, for defendant below, appellant.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before DUFFY, McNEILLY and QUILLEN, JJ.

PER CURIAM:

The sole issue presented in this appeal is whether the defendant's convictions for kidnapping, robbery, theft, and possession of a deadly weapon during the commission of a felony should be reversed because, without the presence or knowledge of the defendant or his counsel, the Trial Judge communicated with the foreman of the jury prior to the rendering of the verdict.* The Trial Judge responded to a written question asking the procedure for announcing the verdict. He responded through the bailiff that the charges would be read separately and the foreman would respond with the jury's determination as to each. Upon a motion pursuant to Superior Court Criminal Rule 35 based on the above fact, the Superior Court denied the defendant a new trial.

"It is settled that the court may not communicate with the jury in the absence of counsel," *Hyman Reiver & Co. v. Rose*, Del.Supr., 147 A.2d 500, 505 (1958), and we cannot approve of the communication in this case. The defendant alleges this error requires reversal *per se* under this Court's opinion in *Shaw v. State*, Del.Supr., 282 A.2d 608 (1971). We disagree.

In *Shaw* the defendant was involuntarily absent when the jury's verdict was announced. We stated "the right here involved is such [a] substantial right as to make inapposite harmless error . . .." 282 A.2d at 610. The defendant's right to presence must be interpreted in the context of the necessity for a fair trial. *State v. Pullen*, Me.Supr., 266 A.2d 222 (1970). The Court's response in this case was ministerial in nature, while *Shaw* involved a formal stage of the criminal proceeding. Cf. *Tatum v. United States*, D.C.App., 330 A.2d

---

* For principal proceedings in this case, See *Jacobs v. State*, Del.Supr., 358 A.2d 725 (1976).

522 (1974) (defendant not entitled to be present at a bench conference). Thus, in this case, we believe the harmless error rule should be applied. Superior Court Crim. Rule 52(a).

In *Loatman v. Patillo*, Del.Supr., 401 A.2d 91 (1979), we determined that communication between the Court and the jury without the presence of counsel required reversal because; the note from the jury was not in the record, the Court's response was not in the record, no effort had been made to summarize the communication, and the verdict was presented in an unusual form.

In the present case, the communication is summarized in the record as being a request from the jury foreman for instructions as to the procedure to be followed by him in delivering the jury verdict. This procedure is not set forth in the jurors' handbook. Defense counsel was given the opportunity to develop the record further regarding this matter. He declined to do so, and expressed satisfaction at sentencing with the Trial Judge's explanation of the communication. In addition, while no prejudice would have to be proven, in cases not involving formal stages of the proceedings actual prejudice should be conceivable before the presumption of prejudice prevails. See *State v. Morris*, Mo.Supr., 484 S.W.2d 288 (1972). The record in this case affirmatively demonstrates that no prejudice occurred. See, *Midgett v. State*, Md.App., 139 A.2d 209 (1958). Therefore, we conclude the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705, 709 (1967).

AFFIRMED.