**Lawrence BAILEY, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Dec. 11, 1979.

Decided Aug. 7, 1980.

Mary M. McDonough, Asst. Public Defender, Wilmington, for defendant below, appellant.

Timothy H. Barron, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

The defendant was convicted of Robbery First Degree, Conspiracy Second Degree, and Possession of a Deadly Weapon During the Commission of a Felony. He asserts he is entitled to a new trial because the verdict of guilty was rendered in his absence, and asserts, in the alternative, that his convictions and consecutive sentences for Robbery First Degree and Possession of A Deadly Weapon During the Commission of a Felony are impermissible under *Davis v. State*, Del.Supr., 400 A.2d 292 (1979), modified in *Hunter v. State*, Del.Supr., 420 A.2d 119 (1980).

I

The defendant was tried and convicted without a jury. After trial, the Trial Judge reserved decision and rendered his verdict in the form of a letter opinion to the defendant's attorney about one month later. At that time, the defendant was in custody of the Department of Corrections.

The defendant asserts that although he waived his right to a jury trial, he did not waive his right to be present during the rendition of the verdict. Consequently, he argues he had a right to be present when the verdict was rendered under Superior Court Criminal Rule 43.* He further argues that a violation of this right requires automatic reversal under *Shaw v. State*, Del.Supr., 282 A.2d 608 (1971). We disagree.

In *Shaw* this Court stated, "[a]lmost universally in our jurisprudence, State and

---

* Superior Court Criminal Rule 43 provides in part:

"In all cases where the Superior Court has or is exercising original jurisdiction over an

Federal, the ancient right of the defendant in a felony case to be present at the rendition of the verdict *of the jury* has been closely guarded." 282 A.2d at 610 (emphasis added). After a discussion of the historical foundation of the right, the Court concluded, "[i]t is manifest, therefore, that Rule 43 is mandatory by virtue of the fundamental law from which it historically arose as well as the explicit and unequivocal language which it contains." 282 A.2d at 610. In that context, we conclude the provision in Rule 43, for the defendant's presence during the return of the verdict, applies only to jury trials.

■ Further, our decision that the error in *Shaw* could not be deemed harmless, despite a failure to show prejudice, was made in the context of the defendant's right to be present when the verdict was rendered by a jury. Clearly, a criminal defendant has an interest and right to be present during a non–jury trial when his "absence could, under some set of circumstances, be harmful." *Polizzi v. United States*, 9th Cir., 550 F.2d 1133, 1138 (1976). See *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In addition, where the verdict is rendered by a letter opinion in a non–jury trial, the defendant's interest in being present at that time is not so great that the Superior Court Criminal Rule 52 harmless standard could not be applied. See, *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705, 709 (1967).

■ Even if Rule 43 required the defendant's presence in this case, "actual prejudice should be conceivable before the presumption of prejudice [could] prevails...." *Jacobs v. State*, Del.Supr., 418 A.2d 988, 989 (1980). We cannot think of any manner in which the defendant in this case could have been prejudiced, nor does the defendant allege that the return of the verdict by letter opinion without his presence prejudiced his case. In addition, in a non–jury trial, we can think of no purpose to be served by having a defendant, already in custody, taken to court for the sole purpose of having a letter opinion verdict read to him.

## II

■ The defendant's alternative argument has merit. He was convicted under 11 *Del.C.* § 832(a)(2) and 11 *Del.C.* § 1447, and received consecutive sentences for those convictions. The same act of using a deadly weapon in the robbery served as the basis for both convictions. Therefore, the multiple convictions and cumulative sentences are improper under *Davis v. State*, supra, and *Hunter v. State*, supra. We vacate the conviction and sentence for the violation of 11 *Del.C.* § 1447.

AFFIRMED, in part; REVERSED, in part.

offense the defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these Rules."