Benjamin F. WALLS, III, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 578, 2003.

Supreme Court of Delaware.

Submitted: April 13, 2004.
Decided: May 14, 2004.

Karl Haller, Assistant Public Defender, Georgetown, DE, for appellee.

Kim Ayvazian, Department of Justice, Georgetown, DE, for appellant.

Before HOLLAND, BERGER and STEELE, Justices.

HOLLAND, Justice:

The defendant-appellant, Benjamin F. Walls, III, appeals from his judgments of conviction in the Superior Court on charges stemming from a hunting incident. Although he was present for the first two days of his trial, Walls failed to appear in court on the third and final day. The Superior Court judge continued with the trial in Walls' absence, finding that Walls was voluntarily absent.

In this appeal, Walls argues that the trial judge acted too quickly in declaring him voluntarily absent. Walls also argues that the continuation of the trial in his absence prejudiced the defense by denying Walls the opportunity to assist his attorney. We have concluded that the trial judge properly decided to continue with the trial in Walls' absence. Accordingly, the judgments of the Superior Court must be affirmed.

### Facts

On January 31, 2003, Walls was hunting with others on property near Millsboro. They did not have the permission ·of the owner to be on his land. Although it was muzzle loader season, Walls was hunting with a rifle. At some point in the afternoon that day, he and his hunting companion, Martin Taylor, noticed two deer running in front of them. They fired in a northeasterly direction.

At that same time, Anthony Higgins was driving south on Route 113 toward Millsboro. Route 113 was to the east of where Walls and Taylor were standing. A bullet went through Higgins' windshield, with bullet fragments striking him in the hand and forehead. As a result of his injuries, Higgins underwent multiple surgeries to remove the bullet fragments, a titanium plate was inserted in his forehead, and he lost all use of his extrinsic muscles along the left side of his hand.

Walls was charged with Assault in the First Degree, Possession of a Firearm During the Commission of a Felony, Possession of a Firearm by a Person Prohibited, Muzzle Loader Restrictions, and Trespassing. A jury trial began on September 8, 2003. The trial lasted several days.

On the third and final morning of the trial, Walls failed to appear in court at the scheduled time. Defense counsel called the telephone numbers he had for the de-

fendant. Additionally, Walls' half-brother and the bailiff called three hospitals in Sussex County in an unsuccessful effort to locate the defendant.

Over the objection of defense counsel, the judge allowed the trial to continue. When the jury entered the courtroom, the trial judge instructed them, as follows:

> The next thing is that you folks will notice or probably have already noticed that the defendant is not present in the courtroom today. I have to give you an instruction on how you should interpret that now.

> The defendant is not in the court at the present time. The defendant has a constitutional right to be here or not be here, as he chooses. You must not take the exercise of that right as an indication that the defendant is guilty of the crimes charged or for any other purpose, and you must not discuss it during your deliberations. Like every other person charged with an offense, this defendant is presumed innocent until proven guilty beyond a reasonable doubt.

The trial then continued in Walls absence. The testimony of one witness was presented. Both sides then made their closing arguments. The jury convicted Walls on all counts.

### Issues on Appeal

According to Walls, the trial judge erred by proceeding with the trial despite Walls' absence on the last day of trial. Walls does not contend that a trial judge is absolutely precluded from allowing a trial to proceed when the defendant is voluntarily absent during the course of trial. Rather, he argues that the trial judge should have waited longer or made a greater effort to locate him before finding that he had voluntarily absented himself from the proceeding. Walls also contends that permit-

ting the trial to continue in his absence prejudiced him, because his presence would have been helpful to defense counsel in the questioning of a witness who testified that final day.

### Voluntary Absence During Trial

At common law, it was well established that "the personal presence of the defendant is essential to a valid trial and conviction on a charge of felony."[1] If the defendant was absent during trial, a conviction was set aside.[2] The rationale for this venerable common principle was "that a fair trial could take place only if the jurors met the defendant face-to-face and only if those testifying against the defendant did so in his [or her] presence."[3]

In *Diaz v. United States*,[4] the United States Supreme Court authorized a limited exception to the general common law rule requiring the defendant's presence at trial. In *Diaz*, the defendant had absented himself voluntarily on two separate occasions from his ongoing trial. The Supreme Court concluded that it was not consonant with "the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself from the courts of his country and to break up a trial already commenced."[5] In *Diaz*, the Supreme Court held:

[W]here the offense is not capital and the accused is not in custody, ... if, *after the trial has begun in his presence,* he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present.[6]

The limited exception recognized in *Diaz* was eventually codified in Federal Rule of Criminal Procedure 43(b). "As in *Diaz*, Federal Rule 43 treats midtrial flight as a knowing and voluntary waiver of the right to be present."[7] In *Crosby v. United States*,[8] the Supreme Court approved the operative effect of Federal Criminal Rule 43, which: "allows an ongoing trial to continue when a defendant disappears [and] deprives the defendant of the option of gambling on an acquittal knowing that he can terminate the trial if it seems that the verdict will go against him ... an option that might otherwise appear preferable to the costly, perhaps unnecessary, path of becoming a fugitive from the outset."[9]

■ Delaware Superior Court Criminal Rule 43 is modeled on Federal Rule of Criminal Procedure 43.[10] Superior Court Criminal Rule 43(b) provides that continued presence is not required when a defendant who was present at the commence-

1.  W. Mikell, Clark's Criminal Procedure 492 (2d ed. 1918); *see also* F. Wharton, *Criminal Pleading and Practice* 388 (9th ed. 1889).

2.  *Id.*

3.  *Crosby v. United States,* 506 U.S. 255, 259, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993) citing F. Wharton, *Criminal Pleading and Practice* at 392.

4.  *Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912).

5.  *Id.* at 457, 32 S.Ct. 250.

6.  *Id.* at 455, 32 S.Ct. 250 (emphasis added).

7.  *Crosby v. United States,* 506 U.S. at 261, 113 S.Ct. 748.

8.  *Crosby v. United States,* 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993).

9.  *Id.* at 262, 113 S.Ct. 748.

10. *Shaw v. State,* 282 A.2d at 609.

ment of the trial is voluntarily absent from subsequent proceedings.[11] In such circumstances, the defendant is deemed to have voluntarily waived his right to be present and confront his accusers.[12]

■ Accordingly, although a defendant has a right to be present at every stage of a trial,[13] that right is not absolute. In *Taylor v. United States*,[14] the defendant had been present at the beginning of trial, but failed to appear at later sessions.[15] In *Taylor*, the United States Supreme Court held that there was no error under those circumstances when a Federal District Court judge continued with a criminal trial in the absence of the defendant.[16] The facts of Walls' case are similar to those in *Taylor*. Walls was present at the beginning of the trial, but failed to appear on the third day of the trial.

### Location Efforts Reasonable

■ Walls acknowledges the Superior Court's authority to try him *in absentia* following his voluntary absence on the final day of trial. Walls argues, however, that the trial judge acted precipitously in declaring him voluntarily absent. That assertion by Walls is not supported by the record.

The record reflects that, once it was determined that Walls was not present in court, the trial judge made several attempts to locate him. The bailiff, defense counsel, and Walls' half-brother also tried in vain to contact him. Only when those efforts failed to locate Walls, did the trial judge allow the trial to continue in his absence.

### Walls' Absence Voluntary

■ The record reflects that the efforts to locate Walls supports the trial judge's determination that Walls' absence on the final day of trial was voluntary in accordance with Rule 43(b). The trial judge acted properly and exercised his discretion, after declaring Walls to be voluntarily absent from the proceedings, by allowing the trial to continue. Accordingly, Walls' related claim of prejudice is also without merit. Any lack of efficacy in defense counsel's questioning of a witness that could have been cured by Walls' presence was the result of Walls' own actions. The United States Supreme Court characterized as "incredible" the suggestion "that a defendant who flees from a courtroom in the midst of a trial—where judge, jury, witnesses and lawyers are present and ready to continue—would not know that as a consequence the trial would continue in his absence."[17] Because he was voluntarily absent from the proceedings, Walls waived any right to be present to assist his attorney.[18]

---

11. Superior Court Criminal Rule 43(b) states:

    (b) *Continued presence not required.* The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,
    (1) Is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial) ....
    Super. Ct.Crim. R. 43(b); *Crippen v. State,* 1997 WL 398919, (Del. June 20, 1997) *3.

12. *Id.*

13. Super. Ct.Crim. R. 43; *Shaw v. State,* 282 A.2d 608, 609 (Del.1971).

14. *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973).

15. *Id.* at 20, 94 S.Ct. 194.

16. *Id.*

17. *Taylor v. United States,* 414 U.S. 17, 20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973).

18. Super. Ct. R. 43(b); *Crippen v. State,* 1997 WL 398919, *3 (Del. Jun. 20, 1997). *See also* *Crosby v. United States,* 506 U.S. 255, 261, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993).

### Conclusion

The judgments of the Superior Court are affirmed.