BENJAMIN F. WALLS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 172, 2009.
Supreme Court of Delaware.
Submitted: June 2, 2009.
Decided: July 20, 2009
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 20th day of July 2009, upon consideration of the appellant's opening brief, the State's motion to affirm and motion to expand the record, and the appellant's motion to compel, it appears to the Court that:
(1) The appellant, Benjamin Walls, filed this appeal from the Superior Court's denial of his fourth motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Walls' opening brief that the appeal is without merit. We agree and affirm.
(2) The record reflects that Walls was convicted by a Superior Court jury in September 2003 of first degree assault, possession of a firearm during the commission of a felony and several related offenses. The indictment stemmed from a hunting accident during which Walls, while firing his rifle at a deer, shot a passing motorist on Route 113. His convictions were affirmed on appeal.[1] Between 2004 and 2006, Walls filed three unsuccessful postconviction motions. In 2007, Walls filed a motion asking the Superior Court to hold a hearing to consider "new evidence." The "new evidence" Walls alleged was that the ballistics expert who testified for the State at his trial did not have the educational background that he claimed and that his opinion at trial, therefore, was not truthful. The Superior Court treated Walls' motion as a motion for a new trial and denied it on the ground that the evidence could have been discovered before trial. We affirmed that ruling on appeal.[2]
(3) In October 2008, the State, in response to inquiries made by the Public Defender's office, filed a motion requesting release of the firearm and ballistic evidence in Walls' case in order to permit examination and testing by a designated defense expert. The Superior Court granted that motion on October 22, 2008. On October 29, 2008, Walls, acting pro se, filed his fourth motion for postconviction relief, which the Superior Court denied. This appeal followed.
(4) In his opening brief on appeal, Walls contends that his trial counsel was ineffective for failing to investigate the credentials of the State's ballistic expert. In response, the State has moved to affirm the Superior Court's judgment denying Walls' motion as procedurally barred. The State also has filed a motion to expand the record to include the results of recent testing done on the weapon and ballistic evidence used at Walls' trial, which supports the conclusion of the trial expert. Walls objects to expanding the record on appeal on the ground that the State has failed to authenticate the evidence. Walls also has filed a motion to compel the State to provide him with documentation authenticating the evidence. We find it unnecessary to address the State's motion to expand the record and Walls' motion to compel because, for the reason set forth below, we find it manifest on the face of Walls' opening brief that his appeal is without merit.
(5) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion.[3] The Court first must consider the procedural requirements of Rule 61 before addressing any substantive issues.[4] In this case, the Superior Court concluded that Walls' fourth postconviction motion was untimely under Rule 61(i)(1) and also repetitive under Rule 61(i)(2) because the allegation regarding the expert's credentials could have been raised in a prior postconviction proceeding. We agree.
(6) Moreover, to the extent Walls argues that his ineffective assistance of counsel claim should be considered in the interests of justice, we note that, to prevail on such a claim, the defendant must establish that (i) his trial counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, the outcome of the proceedings would have been different.[5] In this case, even if we assume attorney error, Walls has made no attempt to show that, but for the alleged error, the outcome of the proceeding would have been different. Despite the Superior Court's release of the evidence for re-testing by a defense expert, Walls offered nothing in support of his postconviction motion to show that the State's expert at trial had offered an incorrect opinion on the ballistic evidence such that the outcome of Walls' trial would have been different. Accordingly, in the absence of actual prejudice, we find no abuse of the Superior Court's discretion in denying his fourth motion for postconviction relief.[6]
NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Walls v. State, 850 A.2d 287 (Del. 2004).
[2] Walls v. State, 2008 WL 1778243 (Del. Apr. 21, 2008).
[3] Dawson v. State, 673 A.2d 1186, 1190 (Del. 1996).
[4] Younger v. State, 580 A.2d 552, 554 (Del. 1990).
[5] Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
[6] Younger v. State, 580 A.2d 552, 556 (Del. 1990).