DEVIN WRIGHT, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 40, 2009.
Supreme Court of Delaware.
Submitted: June 11, 2009.
Decided: September 10, 2009.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
Jack B. Jacobs, Justice
This 10th day of September 2009, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) In March 2008, the appellant, Devin Wright, was indicted for drug and drug-related offenses, lewdness, and loitering. Wright pled not guilty to the charges, and a Superior Court jury trial was scheduled.
(2) On June 17, 2008, Wright appeared in court for jury selection. The following morning Wright appeared again for the start of trial. Later that morning, however, prior to the start of the proceedings, Wright could not be found.
(3) The trial judge recessed the proceedings for ten minutes and asked the bailiff and defense counsel to look for Wright. When Wright could not be located, the trial judge issued a capias and recessed again for two hours, until 1:30 p.m., to give defense counsel more time to find Wright. When Wright was not located by 1:45 p.m., the trial judge concluded that Wright had voluntarily absented himself from the proceedings and proceeded with the trial. The jury convicted Wright, in absentia, of Possession of a Schedule II Narcotic within 1000 Feet of a School, Resisting Arrest, and Lewdness.
(4) Wright turned himself in on September 6, 2008. At sentencing on January 23, 2009, the Superior Court declared Wright an habitual offender and sentenced him to a total of two years incarceration at Level V followed by decreasing levels of probation. This appeal followed.
(5) On appeal, Wright's defense counsel ("Counsel") has filed a brief and a motion to withdraw pursuant to Rule 26(c). Counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. Counsel states that he provided Wright with a copy of the motion to withdraw, the accompanying brief and appendix and advised Wright that he had a right to supplement Counsel's presentation. Wright submitted four points for this Court's consideration. The State has responded to the position taken by Counsel as well as the issues raised by Wright and has moved to affirm the Superior Court's judgment.
(6) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims.[1] Second, this Court must conduct its own review of the record and determine whether the appeal is totally devoid of at least arguably appealable issues, and that the appeal can be decided without an adversary presentation.[2]
(7) Wright raises two issues challenging the sufficiency of the State's evidence. In reviewing an insufficient evidence claim, the Court, after reviewing the evidence in the light most favorable to the State, must "inquire as to whether any rational trier of fact could have found that guilt was established."[3]
(8) The evidence at trial established that Wright fled from two Wilmington police officers after he was spotted urinating on a building in the 2800 block of Bowers Street in Wilmington. The building was located 632 feet from the property of Eastside Charter School and 875 from the school building. When Wright was running from the police officers, he ran behind a parked car where he paused briefly and lowered his hands below his waist. Wright then raised his hands, ran out from behind the car, and continued running from the police officers. One of the police officers shouted a warning to Wright to stop or he would be shot with a taser gun. When Wright ignored that command, the officer shot Wright with a taser gun and took him into custody. Immediately after apprehending Wright, the police officers, with Wright in tow, returned to the parked car where Wright had paused and dropped his hands. There, on the ground, they found a bag of marijuana and a bag of crack cocaine.
(9) The evidence presented by the State in this case was sufficient to support the jury's verdict that Wright was guilty of Possession of a Schedule II Narcotic within 1000 Feet of a School, Resisting Arrest, and Lewdness. Wright's claim of insufficient evidence is without merit.
(10) Wright claims that the prosecutor misled the jury when he described Wright during opening summation and closing argument as having "ducked behind" a parked car when fleeing from the police officers. Wright did not object to the prosecutor's alleged misstatements. As a result, the statements will be reviewed for plain error.[4]
(11) Wright is correct that the prosecutor, more than once during his opening summation, told the jury that the evidence would show that Wright "ducked behind" a parked car when he was running from the police.[5] During closing argument, however, the prosecutor described Wright as having "step[ped] behind th[e] car" and "st[ood] propped down."[6]
(12) Having reviewed the record, the Court concludes that the prosecutor's descriptions of Wright as having "ducked behind" and "step[ped] behind" the parked car where he "st[ood] propped down" were fair characterizations of the evidence. The thrust of the police officers' trial testimony was that Wright ran behind a parked car where he paused briefly and lowered his hands out of sight.
(13) Wright claims that the trial judge conducted an inadequate investigation before concluding that Wright had voluntarily absented himself from the trial. Wright's claim is not supported by the record.
(14) Once it was determined that Wright was not present in court, the trial judge made several attempts to locate him. Only when those efforts failed did the trial judge determine that Wright's absence was voluntary and allow the trial to continue.[7]
(15) This Court has reviewed the record carefully and has concluded that Wright's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Wright could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442, (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Id.
[3] Skinner v. State, 575 A.2d 1108, 1121 (Del. 1990).
[4] Del. Supr. Ct. R. 8. See Czech v. State, 945 A.2d 1088, 1098 (Del.2008) (discussing plain error review of alleged prosecutorial misconduct).
[5] Trial Tr. at 31, 32 (June 18, 2008).
[6] Trial Tr. at 118 (June 18, 2008).
[7] See, e.g., Walls v. State, 850 A.2d 287, 290 (Del. 2004) (concluding that trial judge's efforts to locate defendant were reasonable).