ANIBAL G. MELENDEZ, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 299, 2009.
Supreme Court of Delaware.
Submitted: October 16, 2009.
Decided: January 5, 2010.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
Jack B. Jacobs, Justice.
This 5th day of January 2010, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) The defendant-appellant, Anibal Melendez, filed this appeal from the Superior Court's denial of his motion for postconviction relief. We find no merit to the arguments raised in Melendez's opening brief. Accordingly, we affirm the Superior Court's judgment.
(2) The record reflects that a Superior Court jury convicted Melendez in 2007 of assault in a detention facility, first degree assault, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited. The Superior Court sentenced Melendez to a total period of forty-three years at Level V incarceration, to be suspended after serving forty-one years for decreasing levels of supervision. This Court affirmed his convictions and sentence on direct appeal.[1]
(3) Thereafter, on December 8, 2008, Melendez filed his first motion for postconviction relief under Superior Court Criminal Rule 61. The motion was referred to a Superior Court Commissioner for consideration. After obtaining responses from both defense counsel and the State, the Commissioner issued a report recommending that Melendez's motion be denied. Melendez filed a response to the Commissioner's report and recommendation. On April 20, 2009, the Superior Court adopted the Commissioner's recommendation and denied postconviction relief. This appeal followed.
(4) In his opening brief on appeal, Melendez's sole argument is that his trial counsel was ineffective for failing to file a timely pretrial notice of Melendez's intent to pursue a mental illness defense and for failing to call an expert witness in support of that defense. Because Melendez's timely-filed motion for postconviction relief was his first opportunity to raise his claim of ineffective assistance of counsel, there are no procedural bars to the consideration of this claim.[2]
(5) We review the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[3] To prevail on a claim of ineffective assistance of counsel, a defendant must establish that (i) his trial counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, the outcome of the proceedings would have been different.[4] There is a "strong presumption" that counsel's representation was professionally reasonable.[5] Moreover, the defendant must set forth and substantiate concrete allegations of actual prejudice.[6] In this case, the Superior Court concluded that Melendez could establish neither cause nor prejudice from his counsel's performance. Because we find no fault with counsel's performance, we need not reach the issue of prejudice.
(6) The record reflects that Melendez had access to the pretrial assistance of a psychiatrist, Dr. Sheneman, on the issue of his mental state at the time of the offense. In the addendum to her report, Dr. Sheneman emphasized that she had not been able to interview correctional officers or mental health workers familiar with Melendez at the time of his assault in order to determine if Melendez had a motive for the attack. Because she was leaving her position, Dr. Sheneman recommended that the Superior Court contact Dr. Donohue if the trial court needed a further clinical opinion on Melendez's mental state at the time of the offense. In response to her recommendation, the trial court requested Dr. Donohue to complete any remaining interviews and advise the court by way of further addendum to Dr. Sheneman's report. Dr. Donohue conducted further research and concluded that Melendez did not meet the criteria for a guilty but mentally ill defense.
(7) As we noted on direct appeal, Dr. Donohue's report did not contradict Dr. Sheneman's report, but merely completed her analysis by conducting the interviews that she had been unable to complete. In the face of this expert opinion, we can find no error in trial counsel's failure to file a pretrial notice of Melendez's intent to pursue a guilty by mentally ill defense. Moreover, to the extent Melendez asserts that trial counsel erred in failing to call Dr. Sheneman to testify at trial, there is no merit to this contention. As defense counsel noted in his affidavit, Dr. Sheneman had informed defense counsel that she was moving out of state and would be unable to complete her report or to testify at trial. It was for this reason that Dr. Sheneman referred the Superior Court to Dr. Donohue. Accordingly, counsel did not err in failing to call her as a witness, and we find no abuse of discretion in the Superior Court's denial of postconviction relief.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Melendez v. State, 2008 WL 187950 (Del. Jan. 23, 2008).
[2] Younger v. State, 580 A.2d 552, 554 (Del. 1990).
[3] Dawson v. State, 673 A.2d 1186, 1190 (Del. 1996).
[4] Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
[5] Strickland v. Washington, 466 U.S. at 689.
[6] Younger v. State, 580 A.2d at 556.