# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          )
                            )
    v.                       )          ID No. 0509024924
                            )
ANIBAL G. MELENDEZ,         )
                            )
    Defendant.               )

Date Submitted: January 26, 2024
Date Decided: March 7, 2024

## ORDER

Upon consideration of Defendant Anibal G. Melendez's ("Melendez") *Pro Se* Motion for "Correction of Sentence and Multiple Judgmen[t] of Sentence" ("Motion"),[1] Superior Court Criminal Rule 35(a) and (d), statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)    On February 22, 2007, a jury found Melendez guilty of Assault in a Detention Facility (IN05-10-0575), Assault First Degree (IN05-10-0576), Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF") (IN05-10-0577), and Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP") (IN05-10-0578).[2]

(2)    The Court sentenced Melendez to a total of 41 years of unsuspended

---

[1] D.I. 72.
[2] D.I. 38.

Level V time.[3]  The Court sentenced him as follows: effective February 22, 2007, for Assault in a Detention Facility, 20 years at Level V; for Assault First Degree, 10 years at Level V; for PDWDCF, 10 years at Level V; and for PDWBPP, 3 years at Level V, suspended after 1 year for 2 years at Level IV Work Release, suspended after 6 months for 18 months at Level III.[4]  Melendez's Level V time is consecutive and his probation in this case is concurrent with his probation in Case No. 0104020056.[5]

(3)     On March 3, 2007, Melendez filed a notice of appeal,[6] and on January 23, 2008, the Delaware Supreme Court affirmed the judgment of the Superior Court.[7]

(4)     On December 8, 2008, Melendez filed a Motion for Postconviction Relief.[8]  The Motion for Postconviction Relief was referred to a Commissioner for consideration, and on March 20, 2009, the Commissioner issued a Report and

---

[3] D.I. 41.

[4] *Id.*  On September 25, 2007, the Court modified Melendez's sentence, adding a condition that "defendant . . . undergo mental health evaluation and follow any recommendations as to counseling and treatment."  D.I. 50.

[5] D.I. 46 (hereinafter "Feb. 22, 2007 Trial Tr.") at 93.  Melendez is currently serving sentences in Case No. 0104020056 for Murder Second Degree, Assault Second Degree, Possession of a Firearm During Commission of a Felony ("PFDCF"), and PDWBPP.  He was sentenced in that case to a total of 48 years of unsuspended Level V time.  Superior Court Criminal Docket, ID No. 0104020056 ("D.I. _B") at D.I. 110B.

[6] D.I. 42.  On appeal, Melendez argued that his constitutional right to present a Guilty But Mentally Ill defense was violated.  *Id.*

[7] D.I. 51.  *See Melendez v. State*, 947 A.2d 1122, 2008 WL 187950, at *3 (Del. Jan. 23, 2008) (TABLE).

[8] D.I. 53.  Melendez asserted that trial counsel was ineffective for failing to file a timely notice of a mental health defense.  *Id.*

Recommendation denying Melendez's Motion for Postconviction Relief.[9]  On April 16, 2009, Melendez filed a response to the Commissioner's Report.[10]  On April 21, 2009, the Superior Court adopted the Commissioner's Report and Recommendation and denied Melendez's Motion for Postconviction Relief.[11]  On January 5, 2010, the Delaware Supreme Court affirmed the judgment of the Superior Court.[12]  On March 6, 2014, Melendez filed a motion for the appointment of counsel,[13] which the Court denied on April 10, 2014.[14]  On June 27, 2014, the Delaware Supreme Court dismissed Melendez's appeal of the Superior Court's denial.[15]

(5)  Melendez filed this Motion on August 1, 2023, along with another motion for the appointment of counsel.[16]  On December 12, 2023, the State responded to Melendez's Motion; however, its response addressed his Motion under Superior Court Criminal Rule 35(b).[17]  On December 18, 2023, the Court directed the State to respond specifically to Melendez's Motion pursuant to Superior Court Criminal Rule 35(a) and (d).[18]  On January 17, 2024 the State filed its response and

---

[9] D.I. 61.  The Commissioner filed a corrected Report and Recommendation on April 21, 2009. D.I. 63.

[10] D.I. 62.

[11] D.I. 64.

[12] D.I. 67.  *See Melendez v. State*, 986 A.2d 1164 (Del. 2010) (TABLE).

[13] D.I. 68-69.  Melendez was seeking counsel to file a second motion for postconviction relief.  *Id.*

[14] D.I. 70.

[15] D.I. 71.

[16] D.I. 72-73.  The Court denied the motion for appointment of counsel on October 30, 2023, holding that Melendez is not entitled to counsel under Superior Court Criminal Rule 35.  D.I. 75.

[17] D.I. 77.

[18] D.I. 78.

rescinded its December 12, 2023 response.[19]

(6)     Under Superior Court Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[20]  Rule 35(a) serves a "narrow function" that is limited to correcting illegal sentences.[21]  A sentence is illegal if "it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by the statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize."[22]

(7)     In support of his Motion Melendez argues: (1) he was found guilty of Assault in a Detention Facility pursuant to 11 *Del. C.* § 1254(a) but was sentenced under 11 *Del. C.* § 1254(b), and therefore his sentence is illegal;[23] (2) pursuant to 11 *Del. C.* § 4215 Melendez should have been able to admit or deny his previous convictions before the Court considered them at sentencing; and (3) his sentences for Assault First Degree and PDWDCF constitute Double Jeopardy.[24]

(8)     As the State notes, Melendez was indicted for, and convicted of,

---

[19] D.I. 79-80.

[20] Super. Ct. Crim. R. 35(a).

[21] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (quoting *Hill v. United States*, 38 U.S. 424, 430 (1962)).

[22] *Powell v. State*, 275 A.3d 267, 2022 WL 905876, at *3 (Del. Mar. 28, 2022) (TABLE).

[23] Melendez further argues this constitutes ineffective assistance counsel ("IAC").  D.I. 72.  IAC claims are not recognized under Rule 35(a).  *See Franklin v. State*, 225 A.3d 1267, 2020 WL 864880, at *1 (Del. Feb. 20, 2020) (TABLE); *Tatem v. State*, 787 A.2d 80, 82 (Del. 2001).

[24] D.I. 72.

Assault in a Detention Facility pursuant to 11 *Del. C.* § 1254(a) (Class D felony),[25] but he was sentenced as though he had been found guilty of 11 *Del. C.* § 1254(b) (Class B Felony).[26] While the State maintains the record indicates Melendez's criminal conduct comports with the sentencing range imposed, it concedes that the original indictment did not include the requisite notice for the Class B felony.[27] Melendez was sentenced under § 1254(b) to 20 years on this charge.[28] The Court finds that Melendez's sentence on this charge is illegal pursuant to Superior Court Rule 35(a), and the Court shall re-sentence him pursuant to 11 *Del. C.* § 1254(a).

(9) Next, Melendez asks the Court to modify his remaining sentences in this case pursuant to Superior Court Criminal Rule 35(d).[29] Rule 35(d) states that the Court may consider modifications of other judgments on the same sentencing order if the Court "correct[s], modifies, or reduces one or more of those judgments."[30] Rule 35(d) further states that the aggregate sentence of all judgments

---

[25] A Class D felony carries a maximum sentence of 8 years. *See* 11 *Del. C.* § 1254(a); 11 *Del. C.* § 4205(b)(4) ("for a class D felony up to 8 years to be served at Level V.").

[26] At sentencing the Court stated, "[a]ssault in a detention facility, a felony, violent *serious* physical injury; it's a B felony. Statutory range is two to 25 years . . . ." Feb. 22, 2007 Trial Tr. at 89-90.

[27] D.I. 79 ("The Defendant argues that he was indicted for Assault in a Detention Facility pursuant § 11 *Del. C.* 1254(a), a [C]lass D felony, found guilty of same but was sentenced as though he had been found guilty of § 11 *Del. C.* 1254(b), which is a [C]lass B Felony. Though the record indicates that the criminal conduct here comported with the sentence range imposed, the original indictment did not include the requisite notice for the Class B felony. To that end, the State respectfully requests that the Court modify the sentence in this matter."). The State goes on to note that Melendez's remaining sentences are "proper, appropriate and within statutory guidelines." *Id.*

[28] *See* D.I. 41.

[29] D.I. 72.

[30] Super. Ct. Crim. R. 35(d).

after modification cannot be "greater than the aggregate sentence of all such judgments entered under the original sentencing order."[31]

(10)   Melendez argues that pursuant to 11 *Del. C.* § 4215(a) he should have been able to admit or deny his previous convictions before the Court considered them in sentencing.[32]  Section 4215(a) states:

> If at the time of sentence, it appears to the court that the conviction of a defendant constitutes a second or other conviction making the defendant liable to a punishment greater than the maximum which may be imposed upon a person not so previously convicted, the court shall fully inform the defendant as to such previous conviction or convictions and shall call upon the defendant to admit or deny such previous conviction or convictions . . . .[33]

Section 4215(a) only applies where "a defendant is eligible for a sentencing enhancement in excess of the maximum punishment for the charge as a result of a prior conviction."[34]  Section 4215(a) is inapplicable here because Melendez's prior convictions were not used to enhance his sentences in excess of the statutory maximums.[35]  For Assault First Degree, a Class B felony, Melendez faced between

---

[31] *Id.*

[32] D.I. 72.  At sentencing, the Court asked Melendez if he wished to address the Court.  Melendez did not respond.  *See* Feb. 22, 2007 Trial Tr. at 92.

[33] 11 *Del. C.* § 4215(a).

[34] *State v. Ortiz*, 2023 WL 3861887, at *4 (Del. June 6, 2023).

[35] It appears Melendez confuses "aggravating factors" with "sentence enhancements."  At sentencing, the Court noted, "[t]he aggravating factors are more than two prior violent felonies, custody status at the time of offense, lack of remorse, lack of amenability, [] repetitive criminal conduct, [and] excessive cruelty."  Feb. 22, 2007 Trial Tr. at 93.  The Court appropriately considered the aggravating factors along with the mitigating factors and sentenced Melendez within the statutory range for each charge.  *Id.* at 90-92.

6

2 to 25 years in prison.[36] His 10-year sentence falls within the statutory limits. For PDWDCF, also a Class B felony, Melendez faced between 2 to 25 years in prison.[37] His 10-year sentence falls within the statutory limits. For PDWBPP, a Class F Felony, Melendez faced up to 3 years in prison.[38] His 3-year sentence, suspended after 1 year, is within the statutory limits. His sentences for Assault First Degree, PDWDCF, and PDWBPP are lawful and remain appropriate for all the reasons stated at the time of sentencing.

(11)   Last, Melendez ask the Court to merge his sentences for Assault First Degree and PDWDCF.[39] Melendez claims his sentences for Assault First Degree and PDWDCF constitute Double Jeopardy because "the same act of using a deadly weapon in the assault served as the basis for both convictions."[40] This argument is meritless. As stated by the Delaware Supreme Court in *Jones v. State*:

It is a matter of settled Delaware law that 'where the General Assembly

---

[36] The Court erroneously stated at sentencing that the statutory range was zero to 15. *See* Feb. 22, 2007 Trial Tr. at 90. Assault First is a Class B Felony which carriers a term of incarceration of "not less than 2 years up to 25 years to be served at Level V." 11 *Del. C.* § 4205(b)(2); *see also* 11 *Del. C.* § 613 (classifying Assault First Degree as a Class B felony).

[37] *See* 11 *Del. C.* § 1447 (classifying PDWDCF as a Class B felony); *see also* 11 *Del. C.* § 4205(b)(2) (the statutory range for a Class B felony is 2 to 25 years at Level V).

[38] *See* 11 *Del. C.* § 1448(c) (classifying PDWBPP as a Class F felony); *see also* 11 *Del. C.* § 4205(b)(6) (the statutory range for a Class F felony is up to 3 years at Level V).

[39] *Id.*

[40] *Id.* In support of his argument, Melendez relies on cases which have either been overruled or which rely on those overruled cases. *See Davis v. State*, 400 A.2d 292 (Del. 1979), *overruled by LeCompte v. State*, 516 A.2d 898 (Del. 1986); *Hunter v. State*, 420 A.2d 119 (Del. 1980), *cert. granted, judgment vacated, Delaware v, Hunter,* 450 U.S. 991 (1981); *Bailey v. State*, 419 A.2d 925 (Del. 1980) (relying on *Davis v. State*, 400 A.2d 292 (Del. 1979) and *Hunter v. State*, 420 A.2d 119 (Del. 1980) to reverse defendant's conviction); *Bey v. State*, 402 A.2d 362 (Del., 1979) (relying on *Davis v. State*, 400 A.2d 292 (Del. 1979) to reverse defendant's conviction).

7

intended, as . . . it did in § 613(1) [first degree assault] and § 1447 [PDWDCF], to impose multiple punishments for two offenses not satisfying the Blockburger test,' the Superior Court may impose consecutive sentences without violating double jeopardy principles.[41]

**NOW, THEREFORE**, for the foregoing reasons, Melendez's *Pro Se* Motion for "Correction of Sentence and Multiple Judgmen[t] of Sentence" is **GRANTED IN PART** and **DENIED IN PART.**  The Court **GRANTS** his Motion as to his sentence for Assault in a Detention Facility, and the Court will re-sentence him pursuant to 11 *Del. C.* § 1254(a).  The Court **DENIES** his request for modification as to his other sentences in this case.

/s/ Jan R. Jurden

Jan. R. Jurden, President Judge

Original to Prothonotary

cc:   Abigail Rodgers, DAG
      Anibal G. Melendez (SBI # 00337929)

---

[41] 38 A.3d 1254, 2012 WL 537571, at *1 (Del. Feb. 15, 2012) (TABLE) (quoting *Hunter v. State*, 430 A.2d 476, 481 (Del. 1981)) (alteration in original).